Eugene **COCHRAN**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 16690.

United States Court of Appeals Sixth Circuit.

Aug. 30, 1966.

---

Michael D. Rose (Court Appointed), Columbus, Ohio, for appellant.

Bradley Hummel, Asst. U. S. Atty., Columbus, Ohio, Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, on brief, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court denying the motion of Eugene Cochran, petitioner-appellant, for vacation of sentence under Section 2255, Title 28, U.S.C. On March 16, 1964, the petitioner waived prosecution by indictment and pleaded guilty to an information charging him with transporting in interstate commerce a stolen automobile, in violation of Section 2312, Title 18, U.S.C. He was sentenced to imprisonment for five years.

Petitioner filed the motion to vacate on March 17, 1965, on the ground that the district judge accepted his plea of guilty without first determining that it was made voluntarily and with understanding of the nature of the charge, in accordance with Rule 11 of the F.R.Cr.P. It is not alleged in the motion that the plea was not voluntarily entered or that the petitioner did not understand the nature of the charge.

Rule 11 provides, in part,

"The court * * * shall not accept such plea (guilty) * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

The district judge appointed a lawyer to represent the petitioner. The lawyer conferred with the petitioner and then appeared with him before the court. The lawyer advised the court that the petitioner wished to plead guilty. The judge then addressed the petitioner and said: "Is that true, Mr. Cochran, as your counsel states, that you want to change your plea from that of not guilty to guilty?" The petitioner answered: "Yes, sir." The judge inquired of the lawyer if he had explained the procedure being taken in the case and if he had advised him of his constitutional rights. The lawyer answered that he had. The court, after hearing a statement of the case, asked the petitioner if he had anything to say why the judgment of the court should not be pronounced. The petitioner stated that he had nothing

to say and the court proceeded to pronounce sentence.

The district judge denied the motion to vacate the sentence for the reason that the files and records conclusively show that the petitioner was entitled to no relief. Section 2255 provides that

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

■ We conclude, upon an examination of the motion and the transcript of the proceedings at the time the plea was entered, that it is conclusively shown that the petitioner is entitled to no relief. It is not necessary that application of Rule 11 be made by framing questions in the exact language of the rule. It is sufficient if the sentencing judge determines from the entire proceeding that the plea is entered voluntarily and with understanding of the nature of the charge and the consequences of the plea. We think that the district judge was able to make, and that he did make, such a determination in this case from the record of the proceedings at the time of the plea.

There are no allegations in the petitioner's motion which would bring his case within the ambit of Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, or Scott v. United States, 349 F.2d 641, C.A. 6. See Legg v. United States, 350 F.2d 945, C.A. 6; United States v. Orlando, 327 F.2d 185, C.A. 6, cert. den. 379 U.S. 825, 85 S.Ct. 50, 13 L.Ed.2d 35; Olive v. United States, 327 F.2d 646, C.A. 6, cert. den. 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740.

The judgment of the District Court is affirmed.