Thomas Joseph SHERMAN, Jr.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21603.

United States Court of Appeals
Ninth Circuit.

Sept. 25, 1967.

Rehearing Denied Nov. 28, 1967.

David L. Irons, Honolulu, Hawaii, for appellant.

Herman T. F. Lum, U. S. Atty., James F. Ventura, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before MADDEN, Judge of the Court of Claims, and BARNES and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

This case raises two questions relating to the tentative sentence provided by 18 U.S.C. § 4208(b):[1] (1) Does the right of allocution[2] attach at the time of defendant's commitment under the tentative sentence as well as at final sentencing; (2) under what standard should leave to withdraw a plea of guilty[3] be granted during the period between the tentative and the final sentences?

On July 7, 1966, in the District Court for the District of Hawaii, appellant, with court-appointed counsel present, entered a plea of guilty to an indictment charging that he had made a long-distance telephone call by falsely representing himself to be the owner of a telephone credit card, in violation of 18 U.S.C. § 1343. The plea was made with the understanding of both appellant and his counsel that the pro forma maximum sentence would be imposed under § 4208 (b) in order that appellant might have the benefit of a study under § 4208(c), a benefit appellant expressed a desire to have.

Appellant was sentenced as anticipated and was ordered committed for study to the federal correctional institution at Lompoc, California. On this occasion appellant was not afforded the opportunity to make a statement in his own behalf pursuant to Rule 32(a)(1).

1. 18 U.S.C. § 4208(b):
   "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of sentence shall run from date of original commitment under this section."

2. Rule 32(a)(1) F.R.Cr.P. provides in part:
   "Before imposing sentence the court shall afford counsel an opprotunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

3. Rule 32(d) F.R.Cr.P. provides:
   "*Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Three days later, while awaiting transportation to the mainland, appellant underwent a change of mind and wrote the district judge seeking an "extension of the statutory time for a motion for new trial." The trial judge being absent no action was taken. On July 17 appellant wrote the trial judge asking for a hearing on change of plea. By the time this letter was received by the trial judge appellant had already left for Lompoc. The judge deferred action until appellant's return to Hawaii.

While in Lompoc appellant filed a motion to vacate sentence under 28 U.S.C. § 2255, upon the ground that he had been denied his right of allocution.

Following the study in Lompoc appellant returned to Hawaii for final sentencing. From October 25 to 27 hearing was had on his motions, with appellant represented by new counsel. The motions were denied. The original sentence was affirmed, subject to appellant's express eligibility for parole. On this occasion appellant was afforded the opportunity to make a statement in his own behalf.

Appellant has taken this appeal from judgment and from the order denying relief under § 2255.

1. Appellant asserts as error failure to grant him the right of allocution on original imposition of sentence.

■ The Government correctly points out that this is not a ground for collateral attack under § 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Accordingly, on the appeal from the order denying relief under § 2255, the District Court must be affirmed.

■ This failure, however, if it be error, can be challenged on appeal from final sentencing, even though appeal also lay from the original sentencing. Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963).

■ The Government contends that right of allocution does not attach to the original sentence. It emphasizes that that sentence was no more than a pre-liminary commitment and was wholly tentative. The right of allocution, it points out, coming after guilt has been established and at the sentencing stage, contemplates an opportunity for the defendant to bring mitigating circumstances to the attention of the court. Thus, it asserts, under § 4208(b) the crucial point at which to allow the defendant to speak is the time of final sentencing, since it is only then that mitigation is relevant. It is settled that allocution is necessary at the time of final sentencing under § 4208(b), even though it has been provided at the original commitment. See Behrens v. United States, 375 U.S. 162, 165, 84 S.Ct. 295, 297, 11 L.Ed.2d 224 (1963), where it was stated:

> "It is only then that the judge's final words are spoken and the defendant's punishment is fixed. It is then that the right of the defendant to be afforded an opportunity to make a statement to the judge in his own behalf is of most importance."

■■ This does not, however, render allocution wholly irrelevant at the time of original commitment. Since appeal lies from the order, it is in our judgment such a sentencing as is covered by Rule 32(a)(1). It was, then, error to fail to afford appellant the opportunity to speak.

Under the circumstances of this case, however, that error was harmless. Appellant had made it clear that commitment for study under 18 U.S.C. § 4208 (b) was what he sought and the opportunity to speak at the time of final sentencing, under these circumstances, afforded him every right contemplated by the rule.

2. Appellant asserts that failure to grant his motion to withdraw his guilty plea was error, since the District Court proceeded as though this were a case where sentence had already been imposed, and where change of plea should be allowed under Rule 32(d) only "to correct manifest injustice." Appellant contends that if, as the Government so strongly asserts with respect to the right of al-

locution, it is the final sentence that counts, it is at that point that the manifest injustice standard should attach and that prior to that point the presentencing discretionary standard should apply.

 We agree. What the manifest injustice rule seeks to avoid is an opportunity for the defendant to test the severity of sentence before finally committing himself to a guilty plea. Such a testing cannot be had under § 4208(b) until final sentence has been imposed.

The District Court made it clear, however, that in denying appellant's motion it was applying both standards—discretion and manifest injustice—and that in an exercise of discretion the motion would be denied.[4]

Appellant contends that denial would constitute abuse of discretion, relying on statements by this court that presentence leave to withdraw a guilty plea "should be freely allowed." Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963).

But Kadwell does not eliminate discretion in the District Court. The standard on review of a presentence ruling denying such a motion continues to be abuse of discretion. Zaffarano v. United States, 330 F.2d 114 (9th Cir.) cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964). Appellant had no "right" to withdraw his guilty plea either before or after sentencing. Callaway v. United States, 367 F.2d 140, 142 (10th Cir. 1966).

Here in seeking to withdraw his plea appellant grounded his motion upon alleged denial of effective assistance of counsel and a lack of knowledge of the charge and its consequences. These matters were fully explored by the District Court at the time the plea was received, and its rejection of such contentions on hearing of the motion was justified. Further, the appellant expressed dissatisfaction with the scope and character of the study he had received, asserting that it was lacking in the psy-

chiatric attention he had anticipated. If sentence-testing is to be avoided, however, the same holds true with study-testing and disappointment of expectation in this respect is not a proper basis for withdrawal of a guilty plea.

We find no abuse of discretion.

Affirmed.

4. Sherman v. United States, 261 F.Supp. 522, 534 (D.Hawaii 1966).