**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Darrel Dwayne YOUPEE, Defendant-Appellant.**

**No. 24722.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1969.

Jeffrey J. Scott (argued), Billings, Mont., for appellant.

Eugene A. LaLonde (argued), Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Billings, Mont., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and LEVIN,* District Judge.

LEVIN, District Judge.

This case arose from charges filed against two men and two minors, including the Appellant Youpee, all Indians, for the alleged beating of one Benjamin Fast Horse, also an Indian. Youpee was seventeen years old at the time of his trial. A severance was granted, and Youpee and the other minor, Carson Walking Eagle, elected to be treated under the Federal Juvenile Delinquency Act. Single counsel was appointed to represent both the minor defendants, and it was upon his recommendation that the defendants agreed to be treated under the Juvenile Delinquency Act rather than as adult offenders.

The charges against all the defendants stemmed from occurrences at the home of Fast Horse on the night of March 26, 1969. It is not clear whether the defendants walked or broke into Fast Horse's home, but it is undisputed that Fast Horse was beaten about the face and body, including blows struck with a chain or other blunt object.

At the hearing on April 15, 1969, Youpee and Walking Eagle each pleaded guilty after having the charge read to them and being questioned by the judge regarding their knowledge of their acts and the possible consequences of their pleas. The judge thereupon committed Youpee to the custody of the United States Attorney General for purposes of observation and study for 60 days, pursuant to 18 U.S.C. § 5034.

At the hearing to determine the nature of the sentence, held on July 10, 1969, Youpee was represented by new counsel who moved to withdraw Youpee's earlier plea of guilty pursuant to F.R.Crim.P. Rule 32(d). Counsel elicited the following from Youpee on direct examination:

"Q. Why did you enter that plea of guilty or admission to the charge?

A. Because the attorney I had before said there wasn't any use trying to fight it."

The judge thereupon questioned Youpee and had re-read to him the minutes of the first hearing wherein Youpee had admitted the charge against him and had said that no promises or coercion had been used to make him plead as he did. The judge then concluded:

"If the defendant had not been represented by counsel at the time of arraignment, there would be no question of my willingness to grant a motion to withdraw a plea. However, not only was he represented by counsel from the outset, he also in open court and prior to my accepting his admission of juvenile delinquency, did in fact state that the reason he was admitting it was not because of a promise or a threat, but because he did in fact commit the offense alleged in the information."

The court denied the motion to withdraw the plea of guilty and sentenced Youpee to be committed to the custody of the United States Attorney General for the balance of his minority, pursuant to 18 U.S.C. § 5034 (Juvenile Delinquency Act). This sentence was for a length permissible under the Juvenile Delinquency Act.

Youpee alleges the following specifications of error on appeal:

I. That the district court abused its discretion in denying Youpee's motion to withdraw his earlier plea of guilty.

* Honorable Gerald S. Levin, United States District Judge, Northern District of California, sitting by designation.

II. That the district court failed to comply with the requirements of F.R. Crim.P. Rule 11.

III. That Youpee was prejudiced by not having separate counsel at the time he entered his plea of guilty.

## I.

 F.R.Crim.P. Rule 32(d) provides for the withdrawal of a plea (of guilty) before sentence has been imposed, but such withdrawal can be made thereafter only to correct "manifest injustice." The roots of this rule are in justice and the concept of estoppel; the government will generally have suffered little harm prior to sentencing and thus withdrawal of a plea of guilty should be liberally granted before final sentencing. See Zaffarano v. United States, 330 F.2d 114, 115 (9th Cir. 1964) cert. den. 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964); 8A Moore's Federal Practice #32.07[2] at 32–52.

Before the imposition of sentence withdrawal of a plea of guilty "should be freely allowed." Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963).

After the imposition of sentence, however, the standard for withdrawal changes, and withdrawal after this point will only be granted to correct "manifest injustice." F.R.Crim.P. Rule 32(d); Kadwell v. United States, supra. In the instant case, the motion to withdraw was not made until after the court had committed Youpee for a period of observation in order to better determine the precise nature of his sentence. There was no question that Youpee was to be sentenced; the only question was the form Youpee's sentence was to take. Were the rule otherwise, judges might refrain from utilizing the salutary study period offered under 18 U.S.C. § 5034 lest juvenile defendants sentenced thereunder later moved the court to withdraw pleas voluntarily entered earlier.

 In any event, whether made before or after sentencing, the granting of a motion to withdraw a plea of guilty is within the sound discretion of the court. United States v. Stayton, 408 F.2d 559, 561 (3d Cir. 1969); Zaffarano v. United States, supra, 330 F.2d at 115. It is well settled that the defendant has no "right" to withdraw a plea under Rule 32(d). Stayton, supra, 408 F.2d at 561; Sherman v. United States, 383 F.2d 837, 840 (9th Cir. 1967); Callaway v. United States, 367 F.2d 140, 142 (10th Cir. 1966); Everett v. United States, 119 U. S.App.D.C. 60, 336 F.2d 979, 983 (1964); Vasquez v. United States, 279 F.2d 34, 37 (9th Cir. 1960).

 The standard on review in this court, therefore, is limited to a determination of whether or not the district court judge "abused his discretion" in denying the motion to withdraw the plea of guilty. See Sherman, supra, 383 F.2d at 840:

"But [the "freely allowed" rule of] Kadwell does not eliminate discretion in the District Court. The standard on review of a presentence ruling denying such a motion continues to be abuse of discretion."

The court added another factor in Zaffarano, supra, 330 F.2d at 115, when it said:

"[T]he trial court has a wide discretion in passing on such a motion and the reviewing court will not disturb the trial court's ruling in the absence of an abuse of that discretion * * * particularly when, as here, the defendant did not allege his innocence of the offense charged."

A reading of the record before us leaves no doubt that the District Court was acting well within its discretion in denying Youpee's motion to withdraw his plea of guilty. Youpee was represented by counsel at all times pertinent, he never alleged his innocence of the offense charged, and the judge took great care when Youpee first entered his plea to see that Youpee understood the nature and consequences of such a plea.

## II.

F.R.Crim.P. Rule 11 precludes a judge from accepting a defendant's plea of guilty without "first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Following the opinion of this court in Heiden v. United States, 353 F.2d 53, 55 (9th Cir. 1965), the Supreme Court of the United States has recently announced that Rule 11 is mandatory and that noncompliance with it requires that a plea entered thereunder be set aside and that the case be remanded in order to permit the defendant to plead anew. McCarthy v. United States, 394 U.S. 459, 463–464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).[1]

In order to comply with Rule 11, it is the duty of the court, and not of defendant's counsel, to see that the pertinent inquiry is made. Durant v. United States, 410 F.2d 689, 692–693 (1st Cir. 1969). The court need not, however, follow any particular ritual in making its inquiry. Munich v. United States, 337 F.2d 356, 359 (9th Cir. 1964). Questions need not be framed in the exact language of the rule so long as the judge uses rational means to determine the defendant's understanding of the charges against him and the consequences of his plea. See Munich, supra; Cochran v. United States, 365 F.2d 310, 312 (6th Cir. 1966); Smith v. United States, 339 F.2d 519, 527 (8th Cir. 1964). Presence of counsel is a factor, and the judge need not personally explain to the defendant the nature of the charge. There must, however, be a basis in fact for the judge to accept a plea of guilty. Munich, supra, 337 F.2d at 360.

Although the defendant in the instant case was seventeen years old at the time he entered his plea, he was represented by counsel and was no stranger to the criminal process.[2] The court made every effort to insure that Youpee was fully aware of what he was being charged with and what might happen to him were he to plead guilty. The court confirmed that Youpee had a copy of the indictment, and the charge from the information was read to Youpee. The court also told Youpee that his election to proceed under the Juvenile Delinquency Act rather than as an adult offender would result in a waiver of trial by jury, and Youpee seems to have understood this. Finally, when asked about his plea, Youpee answered, "This is our own choice." Youpee was told the possible consequences of his plea and admitted the charge of the information.[3]

1. In Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 5, 1969) it was held that McCarthy would be applied prospectively only and would only affect pleas accepted after April 2, 1969. (The plea here was accepted April 15, 1969.) See Durant, supra, 410 F.2d at 693.

2. At the time of the hearing Youpee was already on federal parole and had a prior felony conviction. At one point in the first hearing, the court noted that both Youpee and Walking Eagle, "have been on probation, have had many arrests, and have been to Federal Institutions and have been paroled and had probation by this Court. * * *"

3. Portions of the dialogue between the court and Youpee prior to the acceptance of Youpee's plea of guilty are as follows:

"THE COURT: You realize that the Grand Jury has presently indicted you for the crime alleged. I am sure you have a copy of the indictment?
MR. WALKING EAGLE: Yes, sir.
MR. YOUPEE: Yes.
THE COURT: You both understand that?
MR. YOUPEE: Yes.
MR. WALKING EAGLE: Yes.
THE COURT: And that by signing the waiver here in open court, you are not going to be entitled to a trial by jury, that the matter is heard by the Court and not by jury? Do you understand that?
MR. YOUPEE: Yes.
MR. WALKING EAGLE: Yes.
THE COURT: So that you will actually be waiving or be willing to give up your Constitutional right to have a trial by jury. You both understand that?
MR. YOUPEE: Yes.

## III.

 We refer now to Youpee's claim that he was prejudiced by not having separate counsel at the time he entered his plea of guilty.

In Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942), the Supreme Court observed that "the 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." This principle was subsequently incorporated in the Criminal Justice Act of 1964 (18 U.S.C. § 3006A(b)) which provides in part:

"The United States magistrate or the court shall appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel, or when other good cause is shown."

Thus the courts have held that dual representation by single counsel is impermissible if there is a conflict in the interests of the several defendants. Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243, 246 (D.C.Cir. 1967); Application of Buffalo Chief, 297 F. Supp. 687, 689 (D.S.D. 1969); United States ex rel. Williamson v. LaVallee, 282 F.Supp. 968, 971 (E.D.N.Y. 1968).

There is no *per se* rule here; counsel may represent more than one defendant

---

MR. WALKING EAGLE: Yes.

THE COURT: And it is your desire to proceed this way, rather than to proceed under the indictment that has been returned against you?

MR. WALKING EAGLE: Yes.

MR. YOUPEE: Yes.

THE COURT: Do you have any questions you would like to ask the Court? Has anybody made any promises this is the best way to go, or anybody is going to give any specific sentence, or has anybody threatened you, or is this your own choice?

MR. YOUPEE: This our own choice.

MR. WALKING EAGLE: Yes.

*　　*　　*　　*　　*

THE COURT: Before I accept this [consent to proceed under the Federal Juvenile Delinquency Act] even, the law gives me the right, do you also understand any commitment that is made the Court can commit you to the custody of the Attorney General of the United States for a period not exceeding your minority? That is until you are 21 years of age. But in any event the Court couldn't sentence you to more time than the offense you are presently indicted calls for. Do you understand that?

MR. WALKING EAGLE: Yes.

MR. YOUPEE: Yes.

*　　*　　*　　*　　*

[The one paragraph information charging Youpee with willfully and wrongfully inflicting grievous bodily harm on Benjamin Fast Horse is read to Youpee.]

*　　*　　*　　*　　*

THE COURT: You have both heard the reading of the information. Do you admit or deny the charge?

MR. YOUPEE: I admit it.

*　　*　　*　　*　　*

THE COURT: Before accepting the plea, you realize that in doing this, for practical purposes you now would fall within the jurisdiction of this Court to pass judgment. Do you understand that?

MR. WALKING EAGLE: Yes, sir.

MR. YOUPEE: Yes, sir.

THE COURT: And that as we discussed earlier, you have waived your right to a trial by jury by the signing of a consent to proceeding as a juvenile. Do you both understand?

MR. YOUPEE: Yes.

MR. WALKING EAGLE: Yes.

THE COURT: And that in doing this, why then it becomes the Court's job to impose sentence. And is that your understanding? I want you to know—I want you to understand it before I accept your plea, that you admit the charges. Is there any reason, anybody promised you anything by admitting them that the Court would do certain things?

MR. YOUPEE: No.

MR. WALKING EAGLE: No.

THE COURT: And you have not been threatened by anybody that if you did not do this it would go hard on you?

MR. WALKING EAGLE: No.

MR. YOUPEE: No.

THE COURT: And for all practical purposes you are admitting the charges because that is in fact what you did, is that correct?

MR. YOUPEE: Yes."

if the interests of the latter are not in conflict. Fryar v. United States, 404 F. 2d 1071, 1073 (10th Cir. 1968); State v. Oldham, 92 Idaho 124, 438 P.2d 275, 280 (1968). See Curry v. Burke, 404 F.2d 65, 65–67 (7th Cir. 1968); Martin v. United States, 256 F.2d 345, 349 (5th Cir. 1958).

In the instant case, no apparent conflict appears in the record, and the appellant has not directed our attention to any facts which would justify our holding, in the first instance and as a matter of law, that Youpee was prejudiced by reason of any supposed conflicts in the interest of his attorney.[4]

Affirmed.

4. In the main case relied on by Youpee, *Lollar, supra,* such dual representation was held impermissible because of the possible prejudice found in the case. Lollar's co-defendant had variously referred to Lollar as "Miss Lollar," "Miss Lolly," "she," or "Sister." Lollar had already admitted that he was a homosexual and that it was particularly annoying or bothersome to him to be referred to as man. Since the defense was premised on his and his co-defendant's claim that the complainant had been engaging in homo-sexual acts with them, the court could not say that such female references were not prejudicial. Counsel also permitted Lollar to take the stand despite his prior criminal record, a tactic that might well have been avoided had Lollar been represented by his own counsel. Finally, counsel twice confused Lollar with his co-defendant, further adding to the appellate court's belief that dual representation had been prejudicial in this case. *Id.* 376 F.2d at 247.