**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerome G. COOK, Defendant-Appellant.**
**No. 73–1324.**

United States Court of Appeals, Ninth Circuit.

Oct. 1, 1973.

---

Hufstedler, Circuit Judge, dissented and filed opinion.

Martha Goldin (argued), Alan Saltzman of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

William R. Hawes, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and TURRENTINE,* District Judge.

TURRENTINE, District Judge:

Cook was arraigned and pleaded not guilty along with his co-defendant, one Segal, on August 21, 1972. Representing Cook was his retained counsel, Mr. Schwartz. A trial date of October 10 was set.

On October 10, attorney Schwartz requested a continuance in order that Cook might obtain different counsel, citing "irreconcilable differences" which had arisen between attorney and client regarding primarily trial tactics and strategy. The court, citing the nearly two months which had passed since the arraignment, denied counsel's request for a continuance. The court did, however, agree to permit Cook to have another counsel substituted for Mr. Schwartz with the understanding that such counsel be prepared to proceed with the trial as scheduled. This, however, was not feasible, according to Mr. Schwartz. Thus, there was no substitution of counsel effected on that date and the court maintained its refusal to allow a continuance to effect a substitution.

Thereafter, on the same day, co-defendant Segal, following negotiations with the prosecution, withdrew his plea of not guilty and pleaded guilty. Cook, facing the prospect of Segal's testifying against him, then did the same. The only promise apparently made to Cook in return for his guilty plea is that the court would reduce his bail pending sentencing. Following a meticulous and thorough personal inquiry of Cook pursuant to Rule 11, F.R.Crim.P., the court accepted his plea to the one count with which he was charged. November 13 was set as the date of sentencing.

On November 13, a Mr. Russell appeared along with Mr. Schwartz on behalf of Cook, and the two requested that Mr. Schwartz be relieved as counsel and Mr. Russell be substituted. The court, being apprised by Cook that this was his desire, consented to the substitution. Mr. Russell then moved for a two week continuance in order to prepare affidavits in support of a motion to withdraw the plea of guilty. The court, understanding that Cook had previously consulted with Mr. Russell about the case, refused both the motion for a continu-

---

* Honorable Howard B. Turrentine, United States District Judge, Southern District of California, sitting by designation.

ance of two weeks and the motion for withdrawal of the guilty plea.

Appellant cites as grounds for error 1) the trial court's refusal to grant a continuance on the date of the scheduled trial for purposes of enabling defendant to substitute counsel, and 2) the trial court's refusal on the date of sentencing to permit appellant to withdraw his plea of guilty.

■ With regard to the first contention, this Circuit, reiterating a well-settled rule, held in United States v. Villella, 459 F.2d 1028 (9th Cir. 1972), that the decision as to whether to grant a continuance was within the court's discretion. There was no abuse of the court's discretion here. The trial judge aptly noted: "It certainly comes with ill grace that the defendant will come to the court on the day of trial and indicate that he has met with some conflict of interest with his lawyer." Shortly thereafter, the trial judge added this appropriate comment: "I take a dim view of a defendant who comes in after nearly sixty days from the time of his arraignment and then for the first time after I suppose witnesses are here in this case and ready to go indicates that he wants to change lawyers." We agree and find that the trial court, in denying the motion for a continuance, did not abuse its discretion.

Concerning appellant's claim that it was error for the trial court to refuse him, prior to imposition of sentence, permission to withdraw his plea of guilty, the law is equally well-settled. Withdrawal of a guilty plea is committed to the sound discretion of the trial court. United States v. Fragoso-Gastellum, 456 F.2d 1287 (9th Cir. 1972).

■ It follows that abuse of the trial court's discretion is the standard on review of the denial of a motion to withdraw a plea of guilty. United States v. Youpee, 419 F.2d 1340 (9th Cir. 1969); United States v. Akins, 420 F.2d 960 (9th Cir. 1969). To the same effect see United States v. Erlenborn, 483 F.2d 165 (9th Cir. 1973).

■ This and other Circuits have always made a paramount object of their focus on this question the thoroughness of the Rule 11, F.R.Crim.P., personal inquiry made of the defendant by the trial judge during the taking of the guilty plea. See United States v. Fragoso-Gastellum, *supra*; Vasquez v. United States, 279 F.2d 34 (9th Cir. 1960); United States v. Youpee, *supra*; and Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964). In the instant case the Rule 11 inquiry was most complete and penetrating.

Additionally, appellant's substituted counsel, Mr. Russell, admitted during argument on the motion to withdraw the guilty plea, that he had been consulted by appellant "several weeks prior to the time that he entered his plea." We are baffled by appellant's failure to retain Mr. Russell in substitution for Mr. Schwartz at an earlier stage. Certainly Mr. Russell's statement that he did not generally practice in the federal courts is no excuse for his formal arrival on the scene as late as the date of sentencing, expecting to successfully move for a withdrawal of the guilty plea.

Appellant's reliance on Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963) is misplaced. Though the distinction which that and other cases make between the standards for permitting withdrawal of a guilty plea after sentencing and the looser guidelines prevailing before sentence is imposed is valid as a general principle, that case on its facts underscores why the overriding guideline for the trial judge respecting such motion, whether made before or after sentencing, is his own discretion. There "appointed counsel, apparently selected from those available in the courtroom at the time of arraignment, presumably had no prior knowledge of appellant, of the charge against him, or of the legal and factual issues involved. The period of consultation and opportunity for deliberation were brief at best. Appellant was not informed by the court of either the nature of the accusation or the consequences of his plea." 315 F.2d

at 671. Appointment, of counsel and tender of the guilty plea took place during a single morning court session. The total time span from arraignment through entry of plea to sentencing was only three days in *Kadwell*.

In the case at bench eighty-four days, transpired in completing the same process, including the lapse of thirty-three days between the plea of guilty and the subsequent endeavor to withdraw it on the day of sentencing. Thus, the highly questionable haste and other aggravating factors present in *Kadwell* were in no way existent here and subvert the utility of that case as regards our facts.

This Circuit recognized in *Erlenborn, supra,* that defendants have been known to toy with courts by belated attempts to change their minds about having pleaded guilty. An excellent articulation of one other Circuit's view of the federal district court's general plight as specifically related to its dilemma when confronting a motion to withdraw a guilty plea was made in Everett v. United States, *supra,* by then Circuit Judge Burger:

> "We are not disposed to encourage accused persons to 'play games' with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial, whose cases may lose both their position on the calendar and the Court's time and facilities which are thus diverted for no useful purpose." 336 F.2d at 984.

Affirmed.

HUFSTEDLER, Circuit Judge (dissenting):

On August 21, 1972, Cook, represented by retained counsel entered a plea of not guilty to one count of a three-count indictment. (The other two counts pertained solely to Cook's codefendant.) On October 10, 1972, Cook's counsel, Arthur Schwartz, alleging that "irreconcilable differences in the method and manner in which this case should be defended" existed between him and his client, requested a continuance of the case to enable Cook to obtain new counsel. The district court denied the motion on the ground that the request was not timely. On the same day, following a hearing on a motion to dismiss the indictment and to suppress evidence, Cook withdrew the plea of not guilty and entered a plea of guilty. The case was continued to November 13, 1972, for sentencing.

On November 13, 1972, Schwartz renewed his motion that he be relieved as counsel in the case. The court again denied the motion but allowed Wesley Russell to join Schwartz as counsel of record. Russell thereupon moved that the case be continued for two weeks to enable defendant Cook to submit affidavits in support of a motion to withdraw his former guilty plea. The motion to withdraw asserted that Cook had a valid defense to the charge—that at the time of the alleged offense he was working at the direction of Treasury Department narcotics officers—and that he had been unable to present this defense earlier because of the conflict and antagonism between Cook and Schwartz. The district court denied both the motion to continue and the motion to withdraw the guilty plea. At the same hearing the court entered a judgment of conviction and sentenced Cook.

The majority correctly observes that the decision to permit withdrawal of a guilty plea is committed to the discretion of the trial judge. But the existence of this authority does not render the decision below nonreviewable, nor does it leave the district court free to disregard those general principles governing presentence withdrawal of guilty pleas which have been established. In Kadwell v. United States (9th Cir. 1963) 315 F.2d 667, 670, we held that Rule 32(d) of the Federal Rules of Criminal Procedure, concerning motions to withdraw pleas, "imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave 'should be freely allowed.'" (Citation

omitted; emphasis in original.)[1] In Kercheval v. United States (1927) 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, the Supreme Court noted that "[t]he court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." (Citations omitted.) While *Kercheval* involved a motion to withdraw after sentencing, it is apparent that if Cook satisfies the more stringent requirement for postsentencing motions, he should be permitted to withdraw his plea before sentencing.

To be sure, Cook presented an argument in support of the motion to withdraw his guilty plea which differs from that which justified our reversal of the district court order denying Kadwell's motion. But *Kadwell's* importance, as the majority recognizes, is its clear statement of the doctrine requiring that, absent substantial prejudice to court or prosecution, withdrawal be allowed whenever a defendant presents a plausible reason for doing so. The reason that this liberal standard has been adopted, of course, is that very serious consequences flow to a defendant from a plea, and, at that juncture, usually no prejudice to the Government adheres.[2]

This Circuit, in a number of recent cases, has reaffirmed its commitment to this basic principle. (*See, e. g.,* United States v. Webster (9th Cir. 1972) 468 F.2d 769, 771 ("It has long been clear that leave to withdraw a guilty plea should be freely granted prior to sentencing where there is a fair and just reason for doing so . . . ."). *See also* United States v. Vasquez-Velasco (9th Cir. 1973) 471 F.2d 294; United States v. Youpee (9th Cir. 1969) 419 F. 2d 1340, 1343.)

Applying this principle to the case at bench, I cannot agree with the majority's conclusion that the district court did not abuse its discretion. The alleged conflict between Cook and attorney Schwartz and the effect of that conflict on the ability of Cook to develop a defense based on his relationship with officials of the Treasury Department indicate that Cook presented a plausible reason for withdrawal of the guilty plea. (*Compare* Everett v. United States (1964) 119 U.S.App.D.C. 60, 336 F.2d 979, 982 (withdrawal motion based on "no reason other than wanting a trial on a charge of which [defendant] admitted his guilt").) While it is true that Cook presented no affidavits or witnesses to support his claim at the hearing on the

1. The *Kadwell* court continued:

"On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of 'manifest injustice.' This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury." *Id.* (Footnote omitted.)

*Kadwell* relied on Poole v. United States (1957) 102 U.S.App.D.C. 71, 250 F.2d 396, which held that leave to withdraw a guilty plea prior to sentencing should be freely allowed " '*as a matter of course.*' " 250 F.2d at 400 (emphasis in original). Similar views are expressed, *inter alia*, in Gearhart v. United States (1959) 106 U.S.App.D.C. 270, 272 F.2d 499, 502; ABA Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1(b) (1968) (approved draft).

2. *See* Dukes v. Warden (1972) 406 U.S. 250, 257–258, 92 S.Ct. 1551, 1555, 32 L.Ed.2d 45 (Stewart, J., concurring):

"If a defendant moves to withdraw a guilty plea before judgment and if he states a reason for doing so, I think that he need not shoulder a further burden of proving the 'merit' of his reason at that time. Before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution. Any requirement that a defendant prove the 'merit' of his reason for undoing this waiver would confuse the obvious difference between the withdrawal of a guilty plea before the government has relied on the plea to its disadvantage, and a later challenge to such a plea, on appeal or collaterally, when the judgment is final and the government clearly has relied on the plea."

motion to withdraw, this failure was explained at the time of the motion as a result of the conflict with Schwartz. (The explanation, in fact, was coupled with the motion for a continuance to permit Cook's new attorney to gather the necessary supporting documents.) Despite the absence of affidavits, the plausibility of Cook's November 13 claim is supported by the earlier (October 10, 1972) attempt to replace Schwartz on the ground of "irreconcilable differences" between attorney and client. It is significant that the first motion to relieve Schwartz was made prior to the entry of the guilty plea. Only after the district judge refused to grant a continuance to enable Cook to obtain and to confer with new counsel did Cook enter his guilty plea. In addition, it appears from the transcript of the hearing to withdraw that the district court had a copy of a so-called "confidential report" (not made a part of the record on appeal) that indicated that Cook had been in some contact with narcotics officials prior to his arrest in August 1972. Although the district judge stated that the report was an insufficient basis for setting aside the guilty plea, we have clearly held that it is improper for the district court to attempt to evaluate the merits of defendant's claim in passing on a presentence motion to withdraw a plea. (United States v. Webster, *supra,* 468 F.2d at 771; Kadwell v. United States, *supra,* 315 F.2d at 670 n. 12; *see* Gearhart v. United States, *supra,* 272 F.2d at 502.)

The Government, on the other hand, suffered no substantial prejudice due to reliance on defendant's guilty plea. (*Compare* United States v. Vasquez-Velasco, *supra, and* United States v. Del Valle-Rojas (9th Cir. 1972) 463 F.2d 228, 229 (Government lost principal witnesses between time defendant entered plea and time he moved to withdraw it).) While the district judge was understandably annoyed with the change in counsel and the delay in presentation of the motion to withdraw, *Kadwell* makes clear that the district judge may deny a motion to withdraw supported by a plausible reason only upon a showing of prejudice caused by the defendant's vacillation, not upon a mere counting of days. Granting Cook's motion to withdraw his guilty plea 84 days after arraignment would not have resulted in undue waste of judicial resources, nor would it have undermined respect for the courts. Our concern for orderly process and our disdain for dilatory tactics must not obscure defendant's paramount interest in receiving a full and fair hearing.

I would reverse.