**John D. GUTHRIE, # 35010,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 74–2374.

United States Court of Appeals,
Ninth Circuit.

May 13, 1975.

sentence under 28 U.S.C. § 2255. We affirm.

Petitioner was indicted on multiple counts of mail fraud and conspiracy [18 U.S.C. §§ 371 and 1341], involved in an oil company credit card scheme. Upon the advice of appointed counsel, he pleaded guilty to two counts of the indictment in return for the dismissal of the remaining charges.

After eight months of incarceration, he moved to vacate sentence alleging, *inter alia*, that his guilty plea was involuntary because he had been misled by counsel as to the nature of the dismissed counts and was not adequately informed as to those to which he pleaded. An evidentiary hearing on the motion was conducted by another district judge to inquire into the merits of the constitutional claim. In that proceeding Guthrie put at issue several contentions which collaterally combine to present the sole question to be addressed on appeal: did the arraigning and sentencing judge comply with Federal Rule of Criminal Procedure 11?

The circumstances surrounding the appellant's guilty plea are simple. In concert with others, he applied to several oil companies for credit cards. His applications under an assumed name contained false information and promises causing the firms to be hoodwinked as to his true identity, financial status, and ability to repay. After the cards were issued, Guthrie and his co-conspirators made extensive use of the fraudulently obtained cards, rolling up charges totalling more than $30,000. A secret indictment was returned against the conspirators in March of 1973. Thereafter, Guthrie held a lengthy session with his counsel, scrutinizing the charges presented in the indictment. After weighing the evidence against him and with the advice of counsel, Guthrie pleaded guilty to conspiring in this unlawful charade [18 U.S.C. § 371], and to committing acts constituting mail fraud [18 U.S.C. § 1341]. Guthrie now asserts he lacked the intent to defraud anyone, an essential element of the charges to which he pleaded.

William F. Almon, Yakima, Wash., for petitioner-appellant.

Dean C. Smith, U. S. Atty., and Robert S. Linnell, Asst. U. S. Atty., Spokane, Wash., for respondent-appellee.

## OPINION

Before CARTER, WRIGHT and WALLACE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from the denial of a motion to vacate, set aside, or correct

Under Fed.R.Crim.P. 11, before a district court can accept a guilty plea it must determine that the plea is being given voluntarily, with an understanding of the nature of the charge and the consequences of the plea. The judge must also be satisfied that there is a factual basis for the plea. While Rule 11 does not require that the district court observe any particular ritual, the Rule does require that the judge employ some procedure sufficient to satisfy the constitutional mandate that a defendant's plea be truly voluntary. United States v. Youpee, 419 F.2d 1340, 1344 (9th Cir. 1969); Munich v. United States, 337 F.2d 356, 359 (9th Cir. 1964).

The Rule is also intended to produce a complete record at the time the plea is entered of the factors relevant to this determination of voluntariness in order to suppress frivolous attacks on the constitutional validity of the guilty plea. McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418.

When Guthrie entered his guilty plea the court asked if he had talked with his attorney about the charges and if he was satisfied with the appointed counsel. He replied in the affirmative. He was asked if he was being coerced in any way and he replied in the negative. He was then routinely apprised of the fact that by pleading guilty he waived his constitutional right to a jury trial and the penumbral rights thereof. The court then asked him:

"Are you representing to me that you are entering pleas of guilty to counts 1 and 18 because you in fact did the acts charged by the government?"

His reply to the inquiry was, "Yes sir." Thereafter, the judge explained the possible penalties under the charges and stated:

"Well, I find that Mr. Guthrie's pleas to counts 1 and 18 are knowledgeably and voluntarily entered, and he has entered the pleas by reason of the fact that he has admitted to the facts which make up the essential elements of the crimes."

Having previously been given probation on grand larceny and robbery charges, Guthrie was no stranger to the criminal process at the time he entered his guilty plea. Neither count to which he pleaded was so abstruse as to require regurgitation of the indictment. The evidence against Guthrie was weighty and, although the judge could have made a more expansive record, we cannot now say that Rule 11 was violated. We do not believe the rule was ever intended to require needless colloquy and time consuming padding of the record. Rather, as long as the judge has satisfactorily demonstrated in the record the voluntariness of an accused's plea, and there appears a basis in fact to support the plea, the judge has followed the intent of the rule.

Following the decision in United States v. McCarthy, supra, this court had an opportunity to apply its principles in United States v. Youpee, 419 F.2d 1340 (9th Cir. 1969). We were there dealing with a motion by a 17-year old Indian to withdraw a plea of guilty to a charge of assault on another Indian. The dialogue between the trial court and the defendant is set forth in the margin of that opinion. Id. at 1344 n.3.

We there said that no ritual was prescribed by Rule 11 and noted that the defendant had a prior felony conviction and was on federal parole. We concluded:

"Questions need not be framed in the exact language of the rule so long as the judge uses rational means to determine the defendant's understanding of the charges against him and the consequences of his plea. See Munich, supra; Cochran v. United States, 365 F.2d 310, 312 (6th Cir. 1966); Smith v. United States, 339 F.2d 519, 527 (8th Cir. 1964). Presence of counsel is a factor, and the judge need not personally explain to the defendant the nature of the charge. There must, however, be a basis in fact for the judge

to accept a plea of guilty. *Munich, supra,* 337 F.2d at 360."

*Youpee* at 1344.

We are unable to distinguish the substance of the colloquy in the case at bench from that in *Youpee.* From the record it appears that Guthrie understood the nature of the offenses charged in the indictment and that his plea was clearly voluntary. There was a factual basis for accepting the guilty plea. The judgment of the district court denying appellant's motion to vacate is affirmed.

WALLACE, Circuit Judge (dissenting):

I respectfully dissent.

The district judge asked Guthrie (1) whether his attorney had advised him pertaining to the indictment, (2) whether he was satisfied with the counsel furnished by his attorney, and (3) whether he had committed the acts charged by the government in counts 1 and 18. Guthrie answered all three questions in the affirmative. The district judge asked Guthrie no other questions concerning his understanding of the charges or the factual basis for his plea.

Rule 11 requires the district judge to establish the factual basis for the plea so that he can determine whether the facts admitted by the defendant amount to commission of the crime to which he wishes to plead guilty. McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In this case, the judge's third question concerned the factual basis for Guthrie's guilty plea but it was not adequate. United States v. Youpee, 419 F.2d 1340 (9th Cir. 1969), is not to the contrary. There a one-paragraph information charging wilful and wrongful infliction of grievous bodily harm was read to the defendant. *Id.* at 1344 n.3. Here, the charges were never explained in any way by the judge and, far from being short and simple, counts 1 and 18 extended over 16 type-written pages and involved a relatively complex scheme to defraud.

My major concern, however, pertains to the inquiry about Guthrie's understanding of the nature of the charges to which he was pleading guilty. The judge's first two questions were relevant to this issue but did not, in and of themselves, measure up to the dictates of Rule 11. That rule requires the judge to determine from his own interrogation of the defendant whether he understands the charges against him. McCarthy v. United States, *supra,* 394 U.S. at 465–66, 89 S.Ct. 1166, 22 L.Ed.2d 418. The fact that Guthrie went over the indictment with his attorney establishes his understanding of the charges only on the assumption that his attorney adequately explained the indictment to him. Guthrie's statement that he was satisfied with his lawyer does not bridge the gap; it cannot be a substitute for an independent determination by the judge that Guthrie adequately understood the charges against him. "In order to comply with Rule 11, it is the duty of the court, and not of defendant's counsel, to see that the pertinent inquiry is made." United States v. Youpee, *supra,* 419 F.2d at 1344. While "the judge need not personally explain to the defendant the nature of the charge," *id.,* he must personally satisfy himself that the defendant knows the nature of the charges. This he failed to do.

Although a ritualistic approach to determine the voluntariness of the plea is frequently a meaningless calisthenic, Rule 11 does require certain basic determinations, at least one of which was not met here. Therefore, I would reverse and remand with directions to grant Guthrie's motion to vacate sentence.