999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kerry Lynn BROWN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55748.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided July 6, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV 90-5918-KN; David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brown appeals the denial of his § 2255 motion. He contends that the court failed to conduct a proper allocution pursuant to Fed.R.Crim.P. 11(c) and (f), and neglected to advise him of his right under Fed.R.Crim.P. 32 to appeal his sentence. He also argues that the indictment was insufficient, that the government engaged in malicious prosecution, that he received ineffective assistance of counsel, and that the district court erroneously refused to hold an evidentiary hearing on his motion. We affirm.
 
 I.
 
 3
 Brown shot and killed a postal employee. A jury convicted him of first degree murder, and we reversed. United States v. Brown, 880 F.2d 1012 (1989). On remand, Brown pleaded guilty to second degree murder in violation of 18 U.S.C. § 1111, and the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to twenty years' imprisonment on the murder charge and five years' imprisonment for the firearm violation, the sentences to run consecutively. He subsequently filed a motion under 28 U.S.C. § 2255, which the district court denied without a hearing. This appeal followed.
 
 II.
 A. COMPLIANCE WITH RULE 11
 
 4
 Brown contends that his guilty plea was not made voluntarily and intelligently. He asserts that he was under the impression that second degree murder was a form of involuntary manslaughter, and that by pleading guilty to second degree murder, he was admitting culpability only for an unintentional crime. He argues that the district court violated Fed.R.Crim.P. 11(c) by accepting his plea without first adequately determining whether he understood the charges and without advising him of the maximum penalty. He also asserts that the district court violated Fed.R.Crim. 11(f) by failing to adequately determine whether there was a factual basis for the plea.
 
 
 5
 Whether the district court's colloquy with Brown satisfies the requirements of Rule 11 is a matter of law that this court reviews de novo. United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992). " 'Claims of noncompliance with rule 11 must be resolved solely on the basis of the rule 11 transcript.' " United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.1986) (quoting United States v. Coronado, 554 F.2d 166, 170 n. 5 (5th Cir.1977), cert. denied, 434 U.S. 870 (1977)), cert. denied, 479 U.S. 819 (1986).
 
 
 6
 We consider, first, Brown's contention that the district court did not properly determine whether he understood the charges to which he pled guilty. We find that the court's allocution was adequate, but barely so. Rule 11(c) requires that the court address the defendant "personally in open court and inform him of, and determine that he understands ... the nature of the charge to which the plea is offered." Under United States v. Bruce, 976 F.2d 552 (9th Cir.1992), the court must "engage in a colloquy with the defendant and elicit responses from him which demonstrate, on the record, that [he] does understand [the charge]." Id. at 559. The court here asked Brown if he had received a copy of the first superseding indictment. When Brown replied that he had, the court did nothing more than read the indictment to him and ask, "Do you understand?" Although the indictment stated that Brown "intentionally" and "with malice aforethought" shot and killed the postal worker, the court did not undertake to describe the nature of the charge in any greater detail.
 
 
 7
 If a case is not complex, a reading of the indictment may satisfy Rule 11(c). Kamer, 781 F.2d at 1384. This case was not complex. Furthermore, Brown told the district court that he had discussed fully the charges with his attorney, and that he was entirely satisfied with his attorney's representation. On the other hand, there are troubling aspects to the manner in which the district court performed its Rule 11 inquiry in this case. They make our answer to the issue raised by Brown more difficult.
 
 
 8
 In determining whether a district court has complied with Rule 11, we must consider " 'the peculiar facts of each situation, looking to both the complexity of the charges and the personal characteristics of the defendant, such as his age, education, intelligence, the alacrity of his responses, and also whether he is represented by counsel.' " Kamer, 781 F.2d at 1384 (quoting United States v. Wetterlin, 583 F.2d 346, 351 (7th Cir.1978), cert. denied, 439 U.S. 1127 (1979)). Aside from the fact that Brown had a high-school equivalency degree, all that we know about him from the record is that significant evidence of his mental difficulties was introduced at his first trial, United States v. Brown, 880 F.2d 1012, 1017 (1989); that he was shot in the jaw while sitting in his car three weeks before the homicide of which he was convicted; that he was recuperating from this serious trauma at his parents' house when the homicide took place; and that his crime consisted of shooting through a security screen door at a person whose identity he did not know.
 
 
 9
 "Intent" and "malice" are terms of art. The criminal law comprehends several different kinds of intent, including general intent, specific intent, and the intent to achieve the foreseeable consequences of one's acts. Tort law adds the concept of transferred intent. In ordinary speech, however, intent connotes motive, purpose, or volition. Malice, too, may have a different meaning to legal practitioners than it does to non-lawyers. In everyday speech, it connotes spite or hatred. The law, however, understands it as a wrongful intent, without any necessary implication of ill-will towards the person injured. See Black's Law Dictionary 862-63 (West 1979). The legal concepts expressed by these words are difficult for a non-lawyer to understand. A defendant is likely to be confused by such terms if they are not explained to him. This is particularly true of a defendant with Brown's mental difficulties.
 
 
 10
 It is unfortunate that the court did not inform Brown more fully of the nature of the charges or make a more extensive effort to ensure that he understood them. Rather, the court did the bare minimum necessary to comply with Rule 11. Nevertheless, when one considers the nature of the varying definitions, it is difficult to imagine that the absence of a full explanation of the legal meaning of the terms "intent" and "malice" caused Brown any prejudice. In sum, although this is a close case, we cannot say that the court's allocution constituted reversible error.
 
 
 11
 Rule 11(c) also requires that the court inform the defendant of the "maximum possible penalty provided by law." Fed.R.Crim.P. 11(c). Here, the court reviewed the plea agreement, explaining to Brown that in exchange for his plea of guilty to counts one and two of the first superseding indictment, the government would move to dismiss the original indictment at the time of sentencing, and that Brown would be sentenced to twenty years' imprisonment for count one (the killing of the letter carrier) and an additional five years for count two (use of a firearm). The court also advised Brown of his right to withdraw his plea if that sentence were not accepted by the court. However, the court did-not inform Brown that, under 18 U.S.C. § 1111, the maximum penalty for second degree murder is life imprisonment.
 
 
 12
 By neglecting to inform Brown of the maximum penalty under 18 U.S.C. § 1111, the district court failed to comply with Rule 11(c). Under Rule 11(h), however, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). We have held that if a defendant knows at the time of his guilty plea that he can be sentenced to a term as long as the one he eventually receives, the error is harmless. Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992).[1] Here, the court told Brown at the time of his guilty plea of the sentence contemplated by the plea agreement and that he could withdraw his plea if the court declined to accept the contemplated sentence. The court then imposed the sentence set out in the plea agreement. Because the sentence ultimately imposed was no greater than the sentence Brown knew could be imposed, and because Brown knew that if a greater sentence were imposed, he could withdraw his plea, the court's error was harmless.
 
 
 13
 Finally, Brown asserts that the district court did not adequately determine whether a factual basis existed for his plea, in violation of Rule 11(f). However, the court asked Brown to explain the events that transpired on the date of the killing in order, as the court stated, to "be satisfied that you really are guilty of the offense." Brown explained to the court how he shot and killed the mail carrier. The court conducted a proper allocution pursuant to Rule 11. See United States v. O'Donnell, 539 F.2d 1233, 1235 (9th Cir.1976) (reading an indictment to a defendant and asking, "Generally, are those facts true?" complied with Rule 11), cert. denied, 429 U.S. 960 (1976); Guthrie v. United States, 517 F.2d 416, 418 (9th Cir.1975) (affirmative answer to the question, "Are you representing to me that you are entering pleas of guilty ... because you in fact did the acts charged by the government?" sufficient to comply with Rule 11).
 
 B. COMPLIANCE WITH RULE 32
 
 14
 Brown argues that the district court did not advise him of his right to appeal his sentence pursuant to Rule 32(a)(2). Prior to November 1, 1987, Rule 32(a)(2) stated in pertinent part: "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere." Fed.R.Crim.P. 32(a)(2) (1986). After the sentencing guidelines took effect, the rule was revised to require a court to advise a defendant of his right to appeal his sentence imposed as a result of a guilty plea. The revised rule applies only to offenses committed after November 1, 1987. Because Brown's offense was committed on April 26, 1986, the district court had no duty to advise Brown of his right to appeal the sentence.
 
 C. SUFFICIENCY OF THE INDICTMENT
 
 15
 In his supplemental brief, Brown alleges that the indictment under which he was charged did not contain one of the "factual elements" of the offense charged--the fact that his victim was a postal worker. We review the sufficiency of an indictment de novo. United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992). Failure to detail each element of the offense charged constitutes a fatal defect. Id.
 
 
 16
 The indictment is sufficient. Count One states that Brown "killed Dale J. Hooker, a United States Postal Service employee, while she was engaged in her official duties as a letter carrier for the United States Postal Service."
 
 
 17
 In addition, Brown argues that the indictment should have stated that he had gunshot residue on his hands when he was arrested. The crime of murder does not include such an element. Therefore, it need not be mentioned in the indictment.
 
 D. MALICIOUS PROSECUTION
 
 18
 Brown asserts that the prosecutor induced his attorney to coerce him to accept a guilty plea to second degree murder. His allegation is wholly conclusory. Nor is there anything in the record that suggests that his lawyer acted in any way but in Brown's best interest.
 
 E. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 19
 Brown argues that his counsel represented him ineffectively by failing to inform him that second degree murder is a crime of malice. Ineffectiveness of counsel is a mixed question of law and fact that this court reviews de novo. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989), cert. denied, 439 U.S. 869 (1989).
 
 
 20
 To succeed, Brown must show that his counsel's advice was defective and prejudicial, United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)): that the assistance he received ' "was not within the range of competence demanded of attorneys in criminal cases,' " Shah, 878 F.2d at 1158 (quoting United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988)), and that, absent the erroneous advice, he would have insisted on going to trial, Keller, 902 F.2d at 1394.
 
 
 21
 Again, Brown presents mere conclusory allegations, without any supporting facts. His bare statements are dubious in light of the fact that, as discussed above, Brown stated under oath that he had fully discussed the charges in the case with his attorney. On appeal, Brown makes no argument to the contrary. He told the district court that he was fully satisfied with his attorney's representation and advice.
 
 F. DISTRICT COURT HEARING
 
 22
 Brown asks us to order an evidentiary hearing. We decline to do so. Brown's credibility must be assessed because his allegations about his knowledge of the elements of second degree murder conflict with the record. Shah, 878 F.2d at 1159. However, no evidentiary hearing is required where a district court can decide a petitioner's credibility on the basis of the record and the court's notes and recollections of the plea hearing and sentencing process. Id. Here, the district court relied on the record in rejecting Brown's motion. While a hearing may have been preferable, we cannot set aside the district court's implicit assessment of Brown's credibility.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rodriguera actually states that the defendant must possess this knowledge "before pleading guilty." Id. However, we have used the phrase "before pleading guilty" to mean "at the time of a plea of guilty." See id. (defendant's sentence exceeded that recited by the court at the time of plea); United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988) (per curiam) (same)