59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Esther B. KAHUT, Defendant-Appellant.
 No. 94-30347.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esther B. Kahut appeals her conviction for conspiracy and mail fraud. Kahut argues the district court erred by denying her motion to withdraw her guilty plea and by failing to recuse itself. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Kahut moved to withdraw her plea on the day of sentencing and after a co-defendant had been sentenced. She was afraid of what the court might to do her and wanted a chance to tell her side of the story. The district court concluded the motion was untimely and that Kahut was attempting to delay sentencing.
 
 
 4
 Before sentencing, the district court may allow a defendant to withdraw a guilty plea by showing a fair and just reason. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). After a co-defendant has been sentenced, however, a defendant must show that a manifest injustice would result. Id. We review for abuse of discretion. Id. Our paramount focus is the thoroughness of the Fed.R.Crim.P. 11 inquiry. United States v. Cook, 487 F.2d 963, 965 (9th Cir.1973).
 
 
 5
 We discern no error in the district court's refusal to allow Kahut to withdraw her plea. See Ramos, 923 F.3d 1346. The plea colloquoy was complete and established that Kahut's plea was knowing, voluntary, and supported by a factual basis. See United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987); Cook, 487 F.2d at 966.[1]
 
 
 6
 We reject Kahut's argument that the court should have sua sponte recused itself from sentencing her after stating that Kahut constantly manipulated the system because the comment, derived from knowledge of the proceedings, did not "display a deep-seated ... antogonism that would make fair judgment impossible." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 Counsel for Kahut included the presentence report in the excerpt of record. The court reminds counsel that presentence reports contain confidential information and should be filed under seal as specified in Ninth Circuit Rule 30-1.7
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the change of plea hearing, the district court cautioned Kahut that it was not bound by the sentence recommended in her plea agreement. The court later notified Kahut that it was considering an upward departure and offered her the opportunity to withdraw her plea. After meeting with the attorneys, however, the court decided not to depart. At sentencing, the court followed the recommended sentence in the plea agreement. Cf. United States v. Kennell, 15 F.3d 134 (9th Cir.1994) (allowing defendant to withdraw plea when district court failed to warn defendant that a type (B) plea agreement could not be withdrawn and imposed a higher sentence than recommended in plea agreement)