Richard John MIGLIORE, Appellant,

v.

UNITED STATES of America, Appellee.

Jacqueline MINGO, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 25477, 25830.

United States Court of Appeals Fifth Circuit.

April 18, 1969.

Rehearing Denied June 18, 1969.

---

1. United States v. Wade was held to be prospective in Stovall v. Denno. Rivers v. United States is based on *Wade*.

Phillip A. Hubbart, Miami, Fla., for appellant Migliore.

Harry W. Prebish, Richard M. Gale, Miami, Fla., for appellant Mingo.

J. V. Eskenazi, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., by Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for appellee.

Before BELL and MORGAN, Circuit Judges, and GUNN, District Judge.

LEWIS R. MORGAN, Circuit Judge:

Both appellants were tried jointly, despite motions for severance, and were convicted by a jury of selling a narcotic drug, not in the original stamped package, in violation of 26 U.S.C. § 4704(a). This is an appeal from those convictions.

Both appellants present the issue of whether they were entitled to separate trials where each appellant's non-testimonial statements implicated the other appellant, notwithstanding the fact that the jury was instructed that the statements were admissible only against the party making them.

On September 22, 1966, an undercover agent for the Federal Bureau of Narcotics, named Nicholas Navarro, was introduced to the appellant Richard John Migliore. On two occasions shortly thereafter, Migliore attempted to obtain narcotics for the agent, but was unsuccessful in both his attempts.

On November 2, 1966, the agent telephoned Migliore and was told that a contract for $100.00 worth of heroin had been arranged. This represented ten capsules of heroin at $10.00 per capsule. The agent met Migliore and they drove to the apartment of the appellant Jacqueline Mingo. Migliore entered the apartment with $100.00, and returned to the car approximately ten minutes later, saying that Mingo had gone to get the heroin. Some time later, Migliore went back to the apartment, leaving the agent in the car. The door was opened by a then unidentified woman; Migliore entered; and in two minutes both Migliore and Mingo came out of the apartment. Migliore returned to the car and handed the agent a tissue paper containing eight capsules which were later identified as heroin.

On November 4, 1966, Migliore took the agent to Mingo's apartment again. After the agent and Mingo were introduced, Mingo asked the agent, out of the hearing of Migliore, how he had liked the heroin he had gotten previously. The agent complained that the heroin was weak and that he had gotten only eight capsules instead of ten. Mingo told him, "I don't know how many Richard gave you, but I copped ten. I got ten. That is between you and Richard [Migliore]". Mingo then asked the agent if he wanted her to get him some more heroin, and the agent said that he did. Mingo left the apartment and later returned with another ten capsules which she sold to the agent. These capsules did not contain any narcotic drug, but rather contained quinine and sugar.

On September 26, 1967, the appellants were tried jointly, despite motions by

both of them for severance which were denied, in the District Court, and were found guilty by a jury. At this trial the agent testified to all the previously mentioned evidence, including the conversations with the appellants. Mingo maintains on appeal that the admission of the testimony of the agent as to the conversations with Migliore on November 2, 1966, in which Migliore implicated Mingo was an error on the part of the lower court. Mingo objected to the admission of this testimony at the trial. Migliore maintains on appeal that the admission of the testimony of the agent as to the conversations with Mingo on November 4, 1966, in which Mingo implicated Migliore was an error on the part of the lower court. However, Migliore did not object to the admission of this testimony at the trial.

The trial judge gave several precautionary instructions advising the jury that the conversation of November 2nd was evidence admissible only against Migliore, and that the conversation of November 4th was evidence admissible only against Mingo. Neither appellant testified so as to make possible their cross-examination by the other as to the alleged conversations with the agent.

In deciding this appeal, we must interpret the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton* the Supreme Court held that the introduction at a joint trial of a defendant's extrajudicial confession, inculpating a co-defendant, violated the co-defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment, despite specific limiting instructions by the trial judge as to the restricted use the jury might make of such a confession. *Bruton* is to be applied retroactively. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

We do not believe that the principle of law enunciated in *Bruton* can be extended to the facts of this case as they relate to the assignment of error by Mingo. The statements made by Migli-

ore about Mingo were statements made during the commission of the crime. Moreover, the agent connected Mingo with the statements of Migliore to him, and as a joint participant in the alleged crime by identifying Mingo as the person coming out of the apartment with Migliore on the occasion in question.

█ We hold, therefore, that the admission of the statements of Migliore, inculpating Mingo, made out of the presence of Mingo but during the commission of the crime, was properly admitted by the lower court and did not constitute reversible error.

█ With regard to the statement made by Mingo about Migliore, we are faced with a different situation. This statement was made two days after the crime with which Mingo and Migliore were charged and in connection with another purchase which formed the basis for Count Two of the indictment against Mingo only. However, there was no objection by Migliore at the trial to the admission of this testimony. The admission of this testimony by the lower court did not constitute plain error, and since Migliore did not object to the statement at his trial, he cannot now attack this testimony on appeal. We hold, therefore, that Migliore by his failure to object at his trial to the testimony inculpating him is precluded from attacking this testimony on appeal. This holding is buttressed by the fact that the trial court nevertheless gave a cautionary instruction as to this testimony.

█ Migliore also contends that there was not sufficient evidence to sustain his conviction. After a perusal of the record, we believe that such a contention is without merit and hold that the evidence was sufficient to sustain the conviction of Migliore. Walker v. United States, 301 F.2d 94 (5 Cir., 1962).

Therefore, the convictions of appellants Migliore and Mingo are in all things

Affirmed.