### UNITED STATES of America, Plaintiff-Appellee,

v.

### Robert Perry FROGGE and Clyde E. Hall, Defendants-Appellants.

### No. 72–2980

### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 11, 1973.

Rehearing Denied May 10, 1973.

Clyde E. Hall, pro se.

Marion Lawrence Hicks, Jr., Dallas, Tex. (Court appointed), for Hall.

Dan C. Rhodes, Houston, Tex. (Court appointed), for Frogge.

Roby Hadden, U. S. Atty., Dennis R. Lewis, Dale Long, Asst. U. S. Attys., Tyler, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The appellants in this case, Robert Perry Frogge and Clyde E. Hall, were charged in a two count indictment with (1) attempting to escape from federal custody, 18 U.S.C. § 751(a), and (2) assaulting two Deputy U.S. Marshals engaged in the performance of their duties, 18 U.S.C. § 111. A jury trial was held and both were found guilty as charged.[1] We affirm.

The appellants assert that the trial court committed the following reversible errors: (1) failed to give an adequate definition of "attempt to escape"; (2) denied appellants' motion for transfer from the Sherman Division; (3) denied appellants' motion for a continuance and (4) refused to grant appellants' motion for the employment of a court appointed polygraph examiner. Frogge makes the additional contention that the evidence

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

1. The trial court sentenced each appellant to 5 years under Count I and 3 years under Count II.

was insufficient under count II to convict him of assaulting the two Deputy U.S. Marshals. We have carefully reviewed the briefs and record in this case and find all of these contentions to be without merit.

 The trial court's instructions to the jury concerning the appellants' defense to the attempt to escape count were, in our opinion, eminently fair. If we were to assume arguendo that the two Deputy U.S. Marshals in charge of appellants accepted the alleged bribe offer and acquiesced in the escape plan as contended by them on appeal, it is highly doubtful that such acquiescence would rise to the level of an affirmative defense. Cf. United States v. Allen, 432 F.2d 939 (10th Cir. 1970); United States v. Greenwell, 379 F.2d 320 (4th Cir. 1967); Mullican v. United States, 252 F.2d 398, 403 (5th Cir. 1958). The trial court, nevertheless, treated the appellants' acquiescence theory as an affirmative defense and told the jury to return a verdict of acquittal if they believed it. This was done without a specific request on the part of either appellant. We hold that the trial court gave full and adequate instructions to the jury as to all defenses raised for which there was a foundation in the evidence. Perez v. United States, 297 F.2d 12, 15–16 (5th Cir. 1961).

 We are similarly unconvinced by the argument that the trial court erred when it refused to authorize the polygraph examinations requested by the appellants. Though a trend may be emerging towards loosening the restrictions on polygraph evidence, see e. g., People v. Houser, 85 Cal.App.2d 686, 193 P.2d 737 (1948), the rule is well established in federal criminal cases that the results of lie detector tests are inadmissible. United States v. Rodgers, 419 F. 2d 1315, 1319 (10th Cir. 1969); Frye v. United States, 54 App.D.C. 46, 293 F. 1013 (1923). Nothing in United States v. Ridling, 350 F.Supp. 90 (E.D. Mich. Oct. 6, 1972), heavily relied upon by the appellants, persuades us to abandon the traditional view.

No discussion of the appellants' remaining contentions is necessary except to state that the appellants failed to establish reversible error as to any of them. The judgments of conviction are affirmed.