**UNITED STATES of America,**
**Appellee,**

v.

**George Winslow PEARSON, Appellant.**

**No. 73–1280.**

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1973.

Rehearing Denied Oct. 15, 1973.

Sherman Ellison (argued), Beverly Hills, Cal., for appellant.

James H. Daffer, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES and TRASK, Circuit Judges, and KELLEHER,* District Judge.

### OPINION

BARNES, Circuit Judge:

This is an appeal from a plea of guilty to an indictment returned April 5, 1972, in four counts, charging defendant in three counts with a violation of 21 U.S.C. § 841, and in one count a violation of 21 U.S.C. § 844, all occurring on March 29, 1972, in San Francisco, California.[1] On April 28, 1972, with coun-

---

\* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. On March 28, 1972, defendant (using a fictitious name) negotiated with an undercover government agent to sell 10 pounds of liquid hashish for $50,000 to such agent. On the next evening, March 29, 1972, the defendant (while using a fictitious name), and his co-defendant Howser, had been followed by government agents from their own hotel (room 312, Oasis Motel, Franklin and Eddy Streets, San Francisco) to the Hilton Hotel,

810

sel's advice, appellant entered a plea of not guilty. On June 12, 1972, appellant through counsel filed a Motion to Suppress, which was denied on June 16, 1972. On June 21, 1972, appellant through counsel filed a second Motion to Suppress. Before it was decided, appellant, under advice from his attorney, and on July 31, 1972 (the date set for trial), requested permission to withdraw his plea of not guilty to Count Two, and to enter a plea of guilty to that count, i. e., "knowingly possessing with intent to distribute" hashish oil, technically known as "a liquid substance containing tetrahydro-cannabinols."

Before accepting such change of plea, the trial court carefully examined the defendant Pearson to make sure his change of plea was to be knowingly and voluntarily made. The court actually asked the appellant 26 different questions concerning his plea, his understanding of it, his knowledge of the possible consequences, his guilt, his physical condition, etc., etc. Twice he asked appellant if he had discussed the matter "fully" with his attorney, and had given him all the facts. (R.T. pp. 7–13). When asked by the judge to explain "what happened in this particular case?" (R.T. p. 10, lines 6–7), the appellant replied:

"I was approached by a person and asked about the substance, and I had it and I agreed to sell it. And the people, it turned out, to sell to, it turned out to be Federal agents.

"The Court: Did you know the substance you were selling was an illegal substance?

where they were seen to register and go to Room 703 (Hilton Hotel, Taylor and O'Farrell Streets, San Francisco). Defendant left the Hilton Hotel alone, and drove, under observation, to meet the undercover agent at a San Francisco restaurant. Pearson advised the agent he (Pearson) had one pound of the ten with him and would sell the 10 pounds in installments of 1, 2, 2, and 5 pounds. The defendant took the undercover agent to the auto defendant was using, which was parked in the restaurant's parking area. The undercover agent was referred to the

"Defendant Pearson: Yes, sir.

"The Court: And that it was against the law?

"Defendant Pearson: Yes, sir.

"The Court: And you are pleading guilty because you are guilty?

"Defendant Pearson: Yes, sir." (R.T. pp. 10–11).

Appellant failed to appear on time on the day set for sentencing. His co-defendant Howser, who had also entered a plea of guilty to Count Three, failed to appear, and has since disappeared. The motion to set aside the guilty plea was denied by the district judge.

■ The sole question before us is whether the trial judge abused his discretion in refusing to set aside the guilty plea. We hold he did not, and affirm.

This Court has recently spoken on the general subject. In United States v. Erlenborn, 9 Cir., 483 F.2d 165 (decided July 13, 1973), (likewise a hashish case involving the same Federal statute), the defendant repeatedly sought to plead guilty, but declined to admit or state he was guilty. Here there was no such reticence on the part of Pearson. Pearson without question understood the elements of the crime charged, and knew what he was doing when he changed his plea.

This Court has not failed to reverse a denial of a change of plea, as the Supreme Court instructs us, "if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 274 U.S. 220, 224, 47 S. Ct. 582, 583, 71 L.Ed. 1009 (1927). But

defendant's overcoat in the back seat, with the words: "it's in my coat pocket." The contents were recognized by sight and smell as liquid hashish.

The government agents then went to Room 703, Hilton Hotel, knocked, and entered when the defendant Howser opened the door. The remaining subject of the negotiated sale, i. e., oil of hashish, was in the brief case opened by Howser after his rights had been explained to him. The oil obtained from defendant Pearson and that from Howser were similar, and contained oil of hashish.

here no abuse of discretion has been shown. We cannot say the district court erred in fact or law. United States v. Erlenborn, *supra*; United States v. Youpee, 419 F.2d 1340 (9th Cir. 1969); Sherman v. United States, 383 F.2d 837 (9th Cir. 1967); Zafarano v. United States, 330 F.2d 114 (9th Cir. 1964), cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964).

The thrust of appellant's argument is that his client might have had a good defense on the theory of entrapment, had his counsel known before the change of plea that one Miller was a government informer, and not one Harris.

Appellant's former attorney knew of the existence of an informant, but made no discovery motion seeking to ascertain his name. The defense of entrapment was considered by appellant's former attorney after discussion of it with appellant, and rejected.[2]

■ The mere fact that defendant was importuned by Miller to sell him the hashish is not necessarily (a) exculpatory evidence, or (b) "creative activity" by the government.

Any judge who has been long on the trial bench, or reading transcripts of testimony in narcotic cases on the appellate level, knows that most narcotic dealers are not eager to sell to unknown addicts or thrill-seekers. The request made by Miller for hashish oil from defendant Pearson extended over a period of 3 or 4 weeks only, and Miller stated he needed the money to pay his lawyer. There was not here the anguished cry of a close and longtime friend addicted to the drug. *Cf.* Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The appellant, when telling the court about the sale, never mentioned the "many importunings" delineated by Miller in his subsequent affidavit. In fact appellant said:

> "I was approached, . . . . I had it (the hashish oil) . . . . I

agreed to sell it." (R.T. p. 10, lines 15–17).

The "creative activity" doctrine of United States v. Russell, 459 F.2d 671 (9th Cir. 1972) was rejected by the Supreme Court in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 1640–1641, 36 L.Ed.2d 366 (1973). Lawful but aggressive activity on the part of the government through its paid employees or informers, to afford an opportunity for a person to commit a crime he has already concluded, or would later conclude, he is willing to commit, is not prohibited by the law of entrapment. " 'The fact that officers or employees of the government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution', 287 U.S. 435, at 441, 53 S.Ct. 210, at 212, 77 L.Ed. 413 (*Sorrell's* case), 356 U.S. at 372, 78 S.Ct. at 820 (*Sherman, supra*). Nor will the mere fact of deceit defeat a prosecution, *see, e.g.*, Lewis v. United States, 385 U.S. 206, 208–209, 87 S.Ct. 424, 425–427, 17 L.Ed.2d 312 (1966) . . ." *Russell, supra,* 434–435, 93 S.Ct. 1644. And *see* United States v. Johnson et al., 484 F.2d 165, et al. (9th Cir.) decided July 23, 1973.

■ Finally, appellant, while not now accusing his first attorney of incompetence, delicately refers to him as "ineffective" counsel. It seems clear to us that defendant's original attorney, had he desired to raise the defense of entrapment, would have been required to have had appellant take the stand on his own behalf, admit his possession and sale, and detail his various previous narcotic transactions to show how he obtained the narcotics in such quantities as to agree to sell $50,000 worth to an alleged entrapper. *Cf.* Smith v. United States, 446 F.2d 1117, 1119 (9th Cir. 1971). The failure of appellant's original attorney to raise entrapment, plus said counsel's testimony before the sentencing judge, indicate no error was

2. "Mr. Pearson and I discussed it and I advised him that I didn't think there was much possibility of establishing at the trial the theory of entrapment as a defense." (R.T. p. 40).

committed on his part in determining trial strategy, particularly where his client would, on taking the witness stand, be most certainly subject to cross-examination as to previous narcotic convictions.

The trial court's action in denying permission for change of plea is affirmed.

There exists in the record some indication an appeal from a denial of "motion for bail pending appeal" is undecided. If not heretofore acted upon, it is now denied as moot.

We have heretofore mentioned the fact, that appellant's codefendant Howser is unavailable for trial, and that the government would be prejudiced thereby in any effort to retry the appellant. However, we have not relied upon that fact in coming to the foregoing conclusions.