**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Frances LADLEY,**
**Defendant-Appellant.**

**No. 74–1408.**

United States Court of Appeals, Ninth Circuit.

April 25, 1975.

Gerald Ormiston, Seattle, Wash., for defendant-appellant.

Irwin H. Schwartz, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

## OPINION

Before MERRILL and ELY, Circuit Judges, and REAL,* District Judge.

REAL, District Judge:

In a two count indictment, appellant, David Frances Ladley was charged with distributing two pounds of LSD and possessing another 26 pounds with the intent to distribute it in violation of 21 U.S.C. § 841(a). After a trial on the matter in which he raised the defense of entrapment, the appellant was convicted of both counts. He currently appeals those convictions, asserting that the court erred in not suppressing evidence allegedly obtained in contravention of Fourth Amendment protections; that the appellant has demonstrated an entrapment defense as a matter of law; that the evidence adduced was insufficient to support a conviction in light of the entrapment defense; and that the appellant's representation by trial counsel was so wholly inadequate as to deny him his Sixth Amendment right to effective counsel at all crucial stages of criminal proceeding.[1]

After several months of investigation and acting upon information supplied to them by an informant, Paul Deschamps, (about whom we will have more to say

---

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. The appellant raised this latter contention by means of a brief submitted *pro se*, subsequent to oral argument in the matter, after dismissing the attorney initially representing him on appeal. The appellate counsel dismissed by Ladley did not represent him at trial.

later), officers from the Drug Enforcement Agency arrested the appellant, who was at that time carrying 26 pounds of LSD in a plastic garbage bag, just outside Deschamps' residence on June 5, 1973. At his trial for the possession with intent to distribute this Schedule I material (21 U.S.C. § 812) and for the actual sale of two additional pounds of LSD to Deschamps on May 30, 1973, the appellant admitted the material elements of the charged offenses but claimed entrapment as complete defense and a bar to prosecution. The jury, however, evidently disagreed.

### A. *Suppression of Evidence*

Prior to his trial, the appellant brought a motion to suppress the evidence seized from him on the occasion of his arrest. After entertaining testimony on the issue of the legality of the seizure, the trial court denied appellant's motion, noting that not only was there probable cause for arrest but that the arresting officer "would probably . . [have been] derelict in his duty if he had not arrested [the appellant] . . . under those circumstances."

Originally, the appellant was to meet with Deschamps between the hours of 2:30 pm and 3:00 pm on June 5, 1973. However, due to the complications which so often accompany transactions of this sort, the appellant ultimately arranged to·attempt to accomplish the delivery of the scheduled substance on the following day. Notwithstanding his representations to Deschamps concerning the time for delivery, the appellant arrived at Deschamps' residence at 6:00 pm on June 5, 1973, bearing a heavily laden plastic garbage bag. It is, therefore, the appellant's contention that the investigating officers lacked probable cause for his arrest and that, consequently, the evidence discovered by reason thereof must be suppressed, solely because he had apprised Deschamps of the postponement of the delivery.

Since this was a warrantless arrest, the burden of proof is on the Government to demonstrate, by a pre-

ponderance of the evidence, that the arresting officers had probable cause for the appellant's arrest. Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); United States v. Marshall, 488 F.2d 1169, 1186 (9 Cir. 1973). Probable cause, quite simply, is that quantum of evidence within the peculiar knowledge of the arresting officer which is " '. . . sufficient to warrant a prudent man in believing that the . . . [arrestee] . . . had committed or was committing an offense.' " United States v. McDowell, 475 F.2d 1037, 1039 (9th Cir. 1973) *quoting* Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In the instant case, the officers were aware that the appellant had previously sold two pounds of LSD to their informant and that he was attempting to arrange for the sale of an additional 26 pounds of the substance. Despite the contradictory reports concerning the time for delivery spawned by the appellant, the arresting officers' knowledge of these objectively articulable facts, coupled with their observations of the appellant bearing a container sufficiently large to conceal the scheduled substance, warrants a finding that there existed probable cause for the appellant's arrest.

### B. *The Entrapment Defense*

During the course of his trial, the appellant adduced evidence to the effect that the government had offered a bounty of one thousand dollars for information leading to his arrest; that his friend, Deschamps, had repeatedly importuned him to sell the scheduled substances; that the government had actually supplied him with the illegal drugs; and that the appellant had no prior predisposition for narcotics traffic. Each of these activities and circumstances considered severally and conjointly, forms the basis for the appellant's entrapment defense.

The appellant invites this court to adopt the reasoning of Williamson v. United States, 311 F.2d 441 (5th Cir.

1962) which ostensibly stands for the proposition that "[w]ithout some justification or explanation, . . . [the courts] cannot sanction a contingent fee agreement . . . as to crimes not yet committed." *Id.* at 444 (emphasis supplied); *see also,* Hill v. United States, 328 F.2d 988 (5th Cir. 1964), cert. den. 379 U.S. 851, 85 S.Ct. 94, 13 L.Ed.2d 54 (1964); Sears v. United States, 343 F.2d 139 (5th Cir. 1965). In the case at bar, however, the appellant failed to sufficiently raise the issue of the propriety of the bounty in the court below in order to permit the government to elicit those special facts and circumstances mandated by *Williamson, supra.* Such a failure precludes consideration of the question by this court, and it is not "plain error" for the trial court to have neglected to consider the point in light of the appellant's failure to have raised it. Moore v. United States, 399 F.2d 318, 319 (5th Cir. 1968), cert. den. 393 U.S. 1098, 89 S.Ct. 893, 21 L.Ed.2d 789 (1968).

■ Yet, even if the question of the propriety of government bounties were to be properly addressed by this court, it does not appear that merely the offering of a governmental reward for activities leading to the *arrest* of the appellant is, in itself, violative of Fifth Amendment due process. *See,* United States v. Grimes, 438 F.2d 391, 395 (6th Cir. 1971), cert. den. 402 U.S. 989, 91 S.Ct. 1684, 29 L.Ed.2d 155 (1971). While a different result might obtain where a contingent fee is offered for activities leading to the *conviction* of a defendant in light of the everpresent danger of governmentally subsidized perjury, [cf., Corcoran v. United States, 427 F.2d 16 (9th Cir. 1970)], the legitimate objectives of law enforcement and the constitutional protections accorded a criminal defendant do not appear tainted by the government's offering of a reward for the apprehension of one engaged in criminal activity.[2]

The appellant also contends that the testimony of Preston and Deschamps, the government informants and Ladley's friends, that they repeatedly attempted to induce the appellant to sell drugs to them and that the appellant was not predisposed to do so set forth an entrapment defense as a matter of law.[3] This court has recently noted that

"Entrapment is a relatively limited defense, not ordinarily constitutional in nature. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. It consists of two parts: (1) the defendant is induced by government agents to commit the particular acts charged, and (2) the defendant is not predisposed to commit the prohibited acts at any propitious opportunity. United States v. Glassel, 488 F.2d 143, 14ᴜ (9th Cir. 1973)." *See also,* United States v. Payseur, 501 F.2d 966 (9th Cir. 1974); United States v. Oquendo, 490 F.2d 161 (5th Cir. 1974).

This court has upheld the use of suspect's friends by the government in its attempt to apprehend the suspect in pursuit of proscribed activities [United States v. Jones, 487 F.2d 676, 678 (9th Cir. 1973); see also, United States v. Russell, *supra,* 411 U.S. at 432, 93 S.Ct. 1637] and the employment of somewhat deceitful tactics in order to elicit the trust of a narcotics trafficker [United States v. Pearson, 483 F.2d 809, 811 (9th Cir. 1973)] where the suspect's predisposition to commit the crimes charged is evident.

■ While it is true that the government informants did testify on Ladley's

---

2. Even under the *Williamson* doctrine, *supra,* justification sufficient to support the offer of a contingent fee to informants has been found where the government has cause to believe that the subject against whom the reward is directed has been engaged in proscribed activities. *See e. g.,* Hill v. United States, *supra;* Sears v. United States, *supra;* Harris v. United States, 400 F.2d 264, 266 (5th Cir. 1968);

Maestas v. United States, 341 F.2d 493 (10th Cir. 1965).

3. In fact, the informants testified that they had approached the appellant between 80 and 100 times in a five month period to induce him to supply them with narcotics. It is the appellant's contention that he ultimately capitulated to the entreaties of Deschamps only out of concern for Deschamps' continuing safety.

**1194**

behalf at trial, the government substantially impeached their testimony by introducing their previous statements which pinpointed the appellant's continuing engagement in drug traffic and even his offer to pay them for exculpatory testimony. Thus, the jury, confronted by the trial testimony of the informants favorable to the appellant and by their prior inconsistent statements and certain other evidence relating to the appellant's predisposition for narcotics traffic, elected to believe the latter. Since this finding is clearly within their province and adequately supported by the record, their judgment is to be upheld on appeal.

■ Other facets of the appellant's entrapment defense involve the claim that the government, at the inception of this investigation, improperly focussed its attention upon him and that his subsequent prosecution is barred because the government at one point supplied him with the controlled substances in question. As to the former claim, there was much testimony at trial evincing the government's awareness of the appellant's prior criminal activities; and, in fact, it appears that the appellant was actually dismissed as a D E A informant by reason of his proclivities towards drug trafficking. Consequently, it seems clear that the government had facts at hand sufficient to commence an investigation of appellant's activities. As to the latter assertion, the government did not initially supply the drugs to the appellant on the occasion of the first sale of 2 pounds of LSD but rather only returned 2 ounces to him for his own personal use after the sale had been consummated.[4] This situation is, therefore, clearly distinguishable from United States v. Chisum, 312 F.Supp. 1307 (C.D. Cal.1970) where the government initially supplied the contraband to the defendant; and neither argument serves to support a successful entrapment defense.

■ As to appellant's final assignment of error, i. e., the incompetence of trial counsel, little enough need be said. In deciding upon his trial tactics, appellant's counsel elected not to call certain witnesses, including the appellant, and not to pursue certain avenues of investigation and argument. He did, nevertheless, present a forceful and diligent defense, actively advocating the position of his client and not merely "genuflect[ing] in the direction of justice." MacKenna v. Ellis, 280 F.2d 592, 601 (5th Cir. 1960). Thus, appellant's final claim is found to be without merit. *See,* United States v. Pearson, *supra,* [where the court held that counsel's failure to call the defendant as a witness on his own behalf does not comprise incompetence of counsel].

Accordingly, the judgment below is affirmed.

---

4. It should be noted that the appellant was not criminally held to answer for his possession of the two ounces of LSD in question unlike the defendant in United States v. Chisum, 312 F.Supp. 1307 (C.D.Cal.1970).