**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samih K. MASRI and Wally Ghalayini, Defendants-Appellants.**

**No. 75–4432.**

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1977.

Rehearing and Rehearing En Banc Denied March 24, 1977.

Thomas Almon, Miami, Fla. (court appointed), for Wally Ghalayini.

Bernard S. Yedlin, Miami, Fla., for Samih K. Masri.

Robert W. Rust, U. S. Atty., Samuel A. Alter, Jr., Asst. U. S. Atty., Samuel Sheres, Atty., Dept. of Justice, Karen L. Atkinson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

The defendants-appellants, Masri and Ghalayini, where convicted in a joint, non-jury trial of conspiracy to import heroin in violation of 21 U.S.C. §§ 952(a) & 963 (1970). They assert multiple errors on appeal. Finding each of them either meritless or harmless, we affirm.

### I. Sufficiency of the Evidence

Initially, the appellants claim that the evidence before the district court was insufficient to support their convictions.

Viewing the evidence in the light most favorable to the Government, as mandated by *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we disagree. The evidence adduced at trial demonstrated that Masri intended to import heroin into the United States from his contacts in Lebanon. Both he and his brother traveled there to make arrangements and supervise operations. Moreover, ample testimony established that Ghalayini agreed to act, and did act, as a contact between Masri and the purported purchaser, Agent Short of the Drug Enforcement Agency (DEA). In the light of this evidence, we conclude that it was well within the trial court's discretion to discredit Masri's contention that he only dealt with Short to ensnare him in an elaborate con game and that he never did intend to traffic in drugs.

## II. Pre-trial Proceedings

The appellants next assert that this proceeding must be remanded to the trial court for special findings of fact by the trial judge. When they asked for a bench trial, the court had them sign a form which is entitled "Waiver of Jury and Special Findings".[1] The use of the form, reproduced in the margin, is claimed to link impermissibly

1. The Southern District of Florida's Form 20–Criminal is reproduced below:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Defendant.

### WAIVER OF JURY AND SPECIAL FINDINGS

    The undersigned Defendant, having been fully advised in the premises, hereby waives the right to a trial by Jury and requests the Court to try all charges against him in this case without a Jury.

    The undersigned Defendant further waives the right to request any special findings of fact as provided by Rule 23(c) of the Federal Rules of Criminal Procedure.

_____      _____
(Date)                         (Defendant)

    The undersigned attorney represents that prior to the signing of the foregoing Waiver, the Defendant above named was fully advised as to the rights of an accused under the Constitution and the law to a speedy and public trial by an impartial Jury, and the right to request special findings in a case tried without a Jury; and counsel further represents that, in his opinion, the above waiver of trial by jury and special findings is voluntarily and understandingly made, and recommends to the Court that said Waiver be approved.

_____      _____
(Date)                         (Attorney for Defendant)

the two waivers,[2] making the waiver of fact finding involuntary.

Reliance is placed on *United States v. Livingston*, 459 F.2d 797 (3d Cir. 1972) (en banc) and *Howard v. United States*, 423 F.2d 1102 (9th Cir. 1970). In both *Livingston* and *Howard* the trial court had explicitly refused to grant a bench trial unless special findings were waived. Such coercive conduct was disapproved in both instances.[3] In the present case, however, the trial court did not engage in any sort of coercive behavior, and there was never a request made for special findings. The form does not make the two waivers conditional on each other, and no attempt was ever made by any party to reserve the right to request special findings. Instead, the attorney for the defendant represented that, in his opinion, "the above waiver of

trial by jury and special findings is voluntarily and understandably made . . . ."[4]

We recognize the cogency of the appellants' argument. The form utilized has only one line for the attorney to sign a waiver of both his jury trial and his right to special findings. Parties could easily be misled to conclude that one must waive both or neither. The form, therefore, by the way it is structured violates to some extent the spirit of our admonition in *United States v. Johnson*, 496 F.2d 1131, 1137 (5th Cir. 1971):

In some situations, it may be impermissibly coercive for a trial court to condition a non-jury trial on the waiver of special findings of fact. Special findings are necessary, especially in a complex case, for an intelligent appellate review of a defendant's contentions. Whether

---

The United States Attorney hereby consents that the case be tried without a Jury and waives the right to request any special findings of fact as provided by Rule 23(c) of the Federal Rules of Criminal Procedure.

_____            _____
(Date)                             (Assistant United States Attorney)

Approved this _____ day of

_____.

_____
UNITED STATES DISTRICT JUDGE

---

2. Federal Rule of Criminal Procedure 23 states in relevant part,

(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.
\* \* \* \* \* \*
(c) Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

3. The *Livingston* court stated, "The district court cannot, by procuring such a pre-trial waiver, avoid its responsibility to make findings of fact when presented with a timely request." 459 F.2d at 798. The *Ninth Circuit* held in *Howard*, "We cannot condone an avoidance of Rule 23(c) by the expedient of conditioning a jury waiver on a waiver of special findings. The defendant's right to such findings is not trivial, and his exercise of that right is not to be impaired by the exertion of pressure from the court." 423 F.2d at 1104.

4. See note 1 *supra*.

the defendant desires special findings should normally be his decision alone. Nevertheless, in the light of the totality of the circumstances recounted, we hold that error was not committed in this instance. In addition, we are convinced after our independent examination of the record that, even if there has been error, it would have been harmless.[5]

### III. Trial Proceedings

■ The appellants also complain of several events which took place during trial. The first is that the trial court, upon the urging of the Government, refused to allow into evidence the results of a polygraph test taken by Masri. Unlike some other circuits, the rule is well established in this circuit that the results of lie detector tests are inadmissible in federal criminal cases.[6] *United States v. Cochran,* 499 F.2d 380, 393 (5th Cir. 1974); *United States v. Frogge,* 476 F.2d 969, 970 (5th Cir. 1973). It is evident that the trial court properly refused to consider the results of Masri's test.

■ Next, Ghalayini argues that the court committed reversible error in admitting into evidence incriminating conversations between Masri and Agent Short prior to the instigation of the conspiracy between Masri and himself. The Government counters that at the time the conversations were made a conspiracy already existed between Masri and his Lebanon connections and that a defendant joining the conspiracy later is bound by prior statements made in furtherance of the conspiracy. *See United States v. Jones,* 480 F.2d 954 (5th Cir.), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973).

Without so deciding, we find that even if the statements were technically inadmissible to prove the truth of their contents, such introduction was harmless.[7] The sub-

stance of the conversations was repeated several times after Ghalayini had become an active participant in the conspiracy. Moreover, a trial judge is presumed to rest his verdict on admissible evidence and to disregard the inadmissible. As previously noted, there was ample evidence to convict Ghalayini.

In a similar vein, Masri contends that statements made by Ghalayini should not have been admitted. The trial judge ruled, however, that there had already been introduced sufficient evidence of a conspiracy between Masri and Ghalayini at the time the statements were offered for those statements to be considered against his alleged co-conspirator. *See Migliore v. United States,* 409 F.2d 786 (5th Cir.), *cert. denied,* 396 U.S. 975, 90 S.Ct. 449, 24 L.Ed.2d 444 (1969); Fed.R.Ev. 801(d)(2)(E). We find the trial court's conclusion amply supported by the record. Again, even if there was error here, we presume that the district court would have properly sifted the evidence before reaching his verdict. There was ample unchallenged evidence before the court to prove the indictment.

### IV. Sentencing of Masri

■ The appellant Masri alleges that he was improperly sentenced. After Masri objected to certain material in his presentence investigation report, the judge declared his intention not to consider the report in any way. Both parties agreed to that solution. The trial court, however, eventually sentenced Masri to a term of twelve years imprisonment with a special parole term of three years, the exact recommendation of the report.

Masri argues that this coincidence in sentencing establishes a prima facie showing that the trial court reneged on its word and actually did consider the report, depriving

---

5. A simple restructuring of the form found in note 1 *supra* to provide a separate line for signature after each waiver would help eliminate the present ambiguities of that form.

6. In the Seventh Circuit, it is in the trial court's discretion as to whether or not to allow polygraph results into evidence. *United States v.*

*Infelice,* 506 F.2d 1358 (7th Cir. 1974); *United States v. Penick,* 496 F.2d 1105 (7th Cir. 1974).

7. It is unnecessary for us to determine, of course, whether other, independent grounds existed for the admissibility of the challenged utterances.

him of the opportunity to contest certain charges and the recommendation on sentencing. We decline to import such an evil design to the court. Both the Government and the defense presented witnesses whose testimony was to be considered in sentencing. The Government viewed the defendant as a major international heroin smuggler and recommended a fifteen year sentence. The court reaffirmed its intent to disregard the entire report before sentencing. In this light, we believe that the trial court acted well within its broad discretion when it sentenced Masri. *See United States v. Menichino,* 497 F.2d 935, 945 (5th Cir. 1974).

### V. *Informer Compensation*

■ The appellants next claim that the payment of compensation to an informer, Miller, who did substantial service for the DEA in this case was violative of the precepts of *Williamson v. United States,* 311 F.2d 441 (5th Cir. 1962). At trial Miller admitted to having received $500 expense money for his work on the case from DEA. It was later discovered, however, that he received an additional $15,000 after the convictions of the defendants. A new trial motion was entertained by the trial court after oral argument before us. After a hearing at which the circumstances surrounding the additional payment were fully developed, a new trial was denied.[8]

The trial court found that Miller had had no expectation whatsoever of receiving the sum awarded by DEA and it was only given to him, upon the recommendation of Agent Short, after the convictions had been obtained. These conclusions are substantially supported by the record, and they distinguish this case from *Williamson.* In *Williamson* the informer had been approached and offered bounty money on two defendants if he could uncover enough legally sufficient evidence to convict them. In this case there was no such improper, financial inducement. Miller had no reason

unknown to the trial judge to perjure or embellish his testimony. *See United States v. Ladley,* 517 F.2d 1190, 1193 (9th Cir. 1975); *United States v. Gardner,* 516 F.2d 334, 343 (7th Cir.), *cert. denied,* 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975); *United States v. Jett,* 491 F.2d 1078, 1081 (1st Cir. 1974). *See also United States v. McClure,* 546 F.2d 670 (5th Cir. 1977).

### VI. Brady *Violation*

■ The district court also considered an alleged *Brady*[9] violation at the new trial hearing. It was admitted at that hearing that Miller had erroneously informed Masri's counsel on cross-examination that he had not received a reward for his assistance in a particular Internal Revenue Service investigation. Conceding this to be a *Brady* violation, the court next considered whether the omission was material. The proper standard for materiality has been recently elaborated in *United States v. Agurs,* 427, 112–13 U.S. 97, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976):

> The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt. (Footnotes omitted.)

This standard was meticulously followed by the trial court, and it concluded that, had

---

8. We delayed decision in this case until the district court, pursuant to our instructions, transmitted to us its certified order and a transcript of the proceedings below.

9. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

the true facts been known, they would not have altered the verdict. We can find no reason to disturb that finding.

### VII. Conclusion

In sum, all of the points of error raised by the appellants are without merit. The convictions should be, and are hereby, AFFIRMED.