**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Bobby IMPSON, Defendant-Appellant.**

**No. 77–5125.**

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1977.

Melvyn Carson Bruder, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Richard H. Stephens, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge *, and HILL, Circuit Judge.

PER CURIAM:

Like a bad penny, this case involving counterfeit money continues to appear in this Court. Impson again appeals [1] from a conviction, in a nonjury trial, for possession of counterfeit currency in violation of 18 U.S.C. § 472.

538, 542 (5 Cir. 1955), under the limited circumstances of this case the trial court did not commit plain error.

* Senior Judge of the United States Court of Claims, sitting by designation.

1. For a digest of his other appeals, other trials, and, indeed, other tribulations, *see United States v. Impson*, 531 F.2d 274 (5 Cir. 1976).

The principal issue on this appeal is whether the trial court erroneously admitted evidence of extraneous offenses allegedly committed by appellant. A related question concerns the sufficiency of the evidence, and appellant also raises a search and seizure challenge. Finding no merit to these contentions, we affirm the conviction.

Only a brief recapitulation of the facts is necessary here.[2] Impson was riding in an automobile driven by one Annett when it was stopped and searched by a Wichita Falls, Texas, police officer. Counterfeit currency was found in the automobile, but no bogus bills were on Impson's person. Annett subsequently pled guilty and was convicted, and Impson was tried on a theory of constructive possession. Accordingly, the government sought to introduce evidence that Impson sold counterfeit currency to various persons several months after his arrest in Wichita Falls. Witnesses testified to these sales at Impson's first two trials, and his latest trial was to the court based on a summary of the records from the previous ones. Appellant complains that admission of this evidence constituted reversible error.[3]

Appellant relies heavily on language in a prior panel opinion in this case stating that the evidence "was relevant only for the limited purpose of establishing motive" and was "no aid to proving the essential element of the government's case: that Imp-

son had knowledge of—and constructive possession of—the counterfeit currency found in the car." *United States v. Impson,* 531 F.2d 274, 278 (5 Cir. 1976).

■ This language is clearly dictum and is not dispositive of the question now before us. However, there is no need for us to resolve the issue in the circumstances of this case.[4] A judge, sitting as a trier of fact, is presumed to have rested his verdict only on the admissible evidence before him and to have disregarded that which is inadmissible. *United States v. Masri,* 547 F.2d 932, 936 (5 Cir. 1977); *United States v. Dillon,* 436 F.2d 1093, 1095 (5 Cir. 1971). Any error is thus harmless if there exists other admissible evidence sufficient to support the conviction.

■ Our examination of the record convinces us that even without evidence of appellant's subsequent activities there is sufficient evidence.[5] Annett, the driver of the car, testified that Impson did not know of the counterfeit money. Three government witnesses, however, testified that Impson admitted having passed counterfeit bills with Annett in Wichita Falls on the day of their arrest. It is for the trial judge, as finder of fact, to resolve conflicts in the evidence, *United States v. Pitts,* 428 F.2d 534, 537 (5 Cir.), *cert. denied,* 400 U.S. 910, 91 S.Ct. 154, 27 L.Ed.2d 149 (1970), and to pass on the credibility of witnesses. *United States v. Sheard,* 154 U.S.App.D.C. 9, 16,

2. The facts are fully reported in *United States v. Impson,* 482 F.2d 197 (5 Cir.), *cert. denied,* 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973).

3. Prior to his third trial, appellant filed a motion in limine requesting exclusion of evidence of the extraneous offenses, but the motion was denied. Despite the fact that appellant had previously stipulated to the admission of a summary of facts containing the disputed evidence, the parties apparently understood that this stipulation did not waive appellant's objection regarding the evidence of the extraneous offenses.

4. Nor is there occasion for us to consider appellant's argument that evidence of extraneous offenses may not be admitted during the government's case-in-chief. We note, however, that any distinction between "case-in-chief" and "rebuttal" in this case is meaningless,

since it was tried before the court on a stipulation of facts based on the record in the prior trials.

5. As this Court has previously noted, "[o]ur appellate role is narrowly circumscribed," and we "may not substitute our view of the evidence for that of the trier of fact." *United States v. Quinn,* 514 F.2d 1250, 1267 (5 Cir. 1975), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1430, 47 L.Ed.2d 361 (1976). Rather, viewing the evidence in the light most favorable to the verdict, we inquire only whether the verdict is supported by substantial evidence. The proper analysis is whether the trier of fact could have reasonably concluded that the evidence and the inferences reasonably drawn therefrom were sufficient to establish guilt beyond a reasonable doubt. *Id.*

473 F.2d 139, 146 (1972), *cert. denied,* 412 U.S. 943, 93 S.Ct. 2784, 37 L.Ed.2d 404 (1973); *United States v. Rojas,* 458 F.2d 1355, 1356 (9 Cir. 1972). Here the trial judge chose to credit the testimony of the government witnesses and discredit that of Annett.

Finally, appellant raises again the admissibility of the evidence obtained in the officer's search of the automobile. This issue was resolved against appellant in this Court's initial opinion in the case, 482 F.2d 197, and in our summary affirmance after remand, 5 Cir., 506 F.2d 1055. The trial court did not err in admitting this evidence.

AFFIRMED.