**GOVERNMENT OF the CANAL ZONE,**
**Plaintiff-Appellee,**

**v.**

**Gil Antonio JIMENEZ G. (Gonzalez),**
**Defendant-Appellant.**

**No. 78–5156**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1978.

Jack Peebles, New Orleans, La. (Court-appointed), Gil Antonio Jimenez G. (Gonzalez) in pro. per., for defendant-appellant.

Frank J. Violanti, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Gil Antonio Jimenez appealed to this Court from his conviction for burglary.[1] His attorney submitted a motion to withdraw, stating that he had searched the record but could find no reversible error. Finding that this motion did not meet the standards set forth in *Anders v. California,* 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and *United States v. Johnson,* 1976, 5 Cir., 527 F.2d 1328, we directed counsel to search the record and submit an adequate brief. Appellant's counsel has now filed a proper *Anders* brief challenging the propriety of admitting evidence of appellant's prior convictions. We affirm the conviction.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. 6 C.Z.C. §§ 502–503.

The facts are not complicated. A policeman observed appellant walk up to a locked Toyota, remove a plywood panel from the vent window, and enter the automobile. Three policemen subsequently found appellant in the car and pulled him out. They found a pair of sunglasses, belonging to the owner of the car, in Jimenez's hip pocket. At trial, appellant tried to establish, through his own testimony, that he had not intended to burglarize the car but had merely been seeking refuge from some men who had beaten him up in a fight earlier that evening. On cross-examination the prosecutor asked appellant if he had ever been "convicted of stealing," but never introduced any evidence of prior convictions.

On appeal appellant argues first that the trial judge should have made a preliminary determination that the probative value of this evidence outweighed its prejudicial effect. Second, he claims that the prosecutor, by referring to prior convictions without proving that they were felonies, offered misleading and incomplete evidence. Finally, appellant insists that this Court may consider both of these alleged errors even though his trial counsel made no objection.[2]

Since appellant's case was tried before a Judge, we do not have to determine whether this evidence was admissible. As we stated in *United States v. Impson*, 5 Cir., 1977, 562 F.2d 970,

[a] judge, sitting as a trier of fact, is presumed to have rested his verdict only on the admissible evidence before him and to have disregarded that which is inadmissible. *United States v. Masri*, 547 F.2d 932, 936 (5 Cir. 1977); *United States v. Dillon*, 436 F.2d 1093, 1095 (5 Cir. 1971). Any error is thus harmless if there exists other admissible evidence sufficient to support the conviction.

Having examined the record, we are convinced that there is sufficient clearly admissible evidence to support appellant's conviction. He committed the acts proscribed by C.Z.C. §§ 502–503. The trial judge, whose job it is to pass on the credibility of witnesses, *United States v. Impson, supra* at 971, apparently did not believe that defendant lacked *mens rea*. The conviction is therefore affirmed.

AFFIRMED.

---

2. Appellant argues that these errors were so prejudicial that they constituted "plain error."