**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Andres VALLE–FERRER,**
**Defendant-Appellant.**

No. 83–5593
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1984.

**546**

Tracye K. Solove, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Norman A. Moskowitz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

The issue presented by this appeal is whether the fact that the key government witness was eligible to receive a monetary reward contingent upon the appellant's conviction requires reversal. We hold it does not and affirm the conviction.

Appellant Andres Valle-Ferrer together with Marcos Abendano was charged in a three count indictment with knowing, willful and unlawful possession of stolen treasury checks in violation of 18 U.S.C. §§ 1708 and 2, and conspiracy to commit the substantive offense in violation of 18 U.S.C. § 371. The trials were severed upon the appellant's motion, after which Abendano pled guilty. At trial, the appellant moved for judgment of acquittal both at the close of the government's case and at the close of all evidence; both motions were denied. The jury acquitted the appellant of the conspiracy count but convicted him of both substantive counts.[1]

The crimes charged involved the sale of two United States tax refund checks in the amounts of $296.00 and $1,680.43, stolen with other mail from the mail pouch of a postal carrier. Julio Calero, a government informant, was contacted by Rolando, an acquaintance, as a result of which he met with Rolando and one Chuchie concerning a possible "buyer" for government tax checks. Calero reported this meeting to a postal inspector. The inspector then arranged for Calero to make a monitored call to Rolando, who confirmed the deal. Pursuant to a plan devised by Calero and the postal inspector, Calero returned to Rolando's house where he met with the appellant and Abendano, who were in possession of the checks and identified themselves as working for Chuchie. When Calero bargained with the two over the price, the appellant pulled out his knife and claimed he could take checks from the mail each month. The three then left together in an automobile to meet Calero's "buyer." Abendano and the appellant were arrested during the drive.

On appeal the appellant challenges the sufficiency of the evidence. Specifically, he claims that because Calero was an informant paid on a "contingent fee" basis his testimony should be discounted. He cites as authority for this argument *Williamson v. United States*, 311 F.2d 441 (5th Cir.1962), in which the former Fifth Circuit[2] reversed a conviction based upon the testimony of an informant paid under a contingent fee arrangement.

There is no question that Calero's testimony was the major evidence against the appellant and was critical to the government's case. The appellant's reliance upon *Williamson*, however, is misplaced. In *Williamson*, the fee was contingent upon securing evidence against a designated defendant as to crimes not yet committed, an arrangement which the court found violated principles of fundamental fairness. 311 F.2d at 444. Here, by contrast, Calero, although admittedly a paid informant, was

---

1. Appellant's first trial terminated in a mistrial.

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

retained by the government to investigate a particular crime not a particular individual. *See, United States v. Walker,* 720 F.2d 1527, 1539–40 (11th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984).

Moreover, the evidence showed that Calero had already been paid $600 for his work in this case and that he did not learn until a few days prior to trial that he was also eligible for a reward of $1,000 per defendant convicted, which makes this case factually more similar to the former Fifth Circuit case of *United States v. Masri,* 547 F.2d 932 (5th Cir.1977), than to *Williamson.* In *Masri,* the informant had received $500 expense money for his work in the case and, after the defendant's conviction, received an additional $15,000 that at the time of trial he had no expectation of receiving. The court thus concluded that the informant "had no reason unknown to the trial judge to perjure or embellish his testimony." *United States v. Masri, supra.* Similarly, here, although Calero discovered a few days prior to trial the possibility of his receiving the reward, his investigative work had already been completed prior to trial and the fee and his eligibility for the reward were fully disclosed to the jury to consider in determining his credibility. Merely because Calero was a paid informer does not render his testimony inadmissible. Thus despite Abendano's claim that he alone was guilty and the appellant's insistence that he innocently went along for the ride, the jury obviously discounted their explanation of appellant's role. We conclude that the evidence considered as a whole, including the testimony of the appellant which the jury was authorized to consider, *McGautha v. California,* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), *United States v. Contreras,* 667 F.2d 976 (11th Cir.1982), was sufficient for a reasonable trier of fact to have found guilt beyond a reasonable doubt. *United States v. Vera,* 701 F.2d 1349 (11th Cir.1983); *United States v. Bell,* 678 F.2d 547 (5th Cir. 1982) (Unit B, *en banc*), 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

The conviction is AFFIRMED.